May Term, 1844.

SMITH v. CALLOWAY.

---

SMITH *v.* CALLOWAY.

The statute of limitations may be pleaded to a suit in equity, if the subject-matter of the suit be cognizable at law as well as in equity.

But in those cases of trusts which are exclusively within the jurisdiction of a Court of chancery, the statute of limitations cannot be pleaded.

An administrator is a trustee for a person entitled to a distributive share of the estate; and the trust, in such case, is exclusively within the jurisdiction of a Court of chancery.

To a suit in chancery, therefore, by a person entitled to such share, against an administrator, the statute of limitations cannot be pleaded.

If the husband of an administratrix act in the administration of the estate, as he may do, a trust is raised in him which is exclusively within the jurisdiction of a Court of equity.

Although the statute of limitations cannot be pleaded to a suit in chancery against an administrator for a distributive share of the estate, length of time may be relied on as presumptive evidence of payment.

Tuesday, May 28.

ERROR to the *Wayne* Circuit Court.

SULLIVAN, J. — The complainant in this case filed a bill in chancery, to recover from the defendant his distributive share of the estate of his deceased father *Josiah Smith.*

The bill states that *Josiah Smith* departed this life in the year 1805, in the county of *Montgomery* and state of *Ohio,*

leaving *Letitia Smith* his widow, and *Thomas Smith* and the complainant his children and heirs at law; that at the *August* term, 1805, of the Court of Common Pleas of *Montgomery* county, *Ohio*, letters of administration on the estate of said *Josiah* were granted to his widow *Letitia;* that she made an inventory of the personal property of the deceased, which amounted to 1,751 dollars, and had it recorded; that previously to making the inventory, the administratrix intermarried with the defendant, who, after the inventory was made and recorded, took possession of the property and refused to permit the administratrix to proceed with the administration, and appropriated the property to his own use. The bill states further that the administratrix died in the year 1831; that the complainant was a minor of the age of ten years when his father died, and that he remained in ignorance of his rights until the death of his mother; that, by the laws of the state of *Ohio*, he is entitled to one-third of his father's estate, &c. The bill prays that the defendant may be compelled to account, &c.

The defendant, in his answer, admits the death of *Josiah Smith*, and the appointment of his widow *Letitia Smith* as his administratrix, as stated in the bill; he admits that in the year 1805 he intermarried with the said *Letitia;* he says that previously to the marriage, the said *Letitia* and her eldest son *Thomas* made the inventory mentioned in the bill; that immediately after his marriage with said *Letitia*, they removed to the defendant's house in the neighbourhood taking with them only about 200 dollars' worth of said property, being less than the amount to which said *Letitia* was entitled by law; that the residue of the property remained on the farm, recently occupied by *Josiah Smith*, in the possession of his son *Thomas* for the benefit of said *Thomas* and the complainant; that in consequence of the great lapse of time, the defendant does not recollect all the facts of the transaction, but he is informed and believes that the complainant possessed himself of his portion of the property of said estate; that he has received all the property which his mother *Letitia* brought with her to the house of the defendant, &c. He denies having intermeddled with the property of said estate; avers that the complainant

May Term, 1844.

SMITH
v.
CALLOWAY.

has been paid his distributive share, and relies upon the presumption of payment arising from the lapse of time, &c.

The defendant, in addition to his answer, pleaded the statute of limitations as a bar to the relief asked by the complainant. The complainant replied and depositions were taken. At the hearing, the Court dismissed the bill for want of equity.

The first question to be considered is, whether the statute of limitations is well pleaded ? It is not denied by the plaintiff's counsel but that the statute may, in a proper case, be pleaded in bar in equity as well as at law, but it is denied that this is such a case.

Courts of equity allow the statute to be pleaded as a bar in all cases where the jurisdiction of Courts of law and Courts of equity, on the subject-matter of the suit, is concurrent. As, for example, where a bill in chancery was filed to recover money collected by an attorney and not accounted for, the statute of limitations was allowed to be a good plea in bar, because the defendant, if he had been sued at law on the same demand, might have availed himself of it. *Kinney's Ex'rs.* v. *M'Clure,* 1 Rand. 284. The principle applies to all those cases of trust where a person receives money to be paid to another, or to be applied to a particular purpose, and which is not so paid or applied, by means whereof he is suable either at law or in equity. So, in cases of account, mistake, &c. If Courts of chancery did not adopt the statute and apply it in such cases, a creditor might always elude it by electing to pursue his remedy in equity.

But in those cases of trusts, frauds, &c., which are peculiarly and exclusively within the cognizance of a Court of equity, the statute cannot be pleaded. This subject underwent a very elaborate investigation in the case of *Kane* v. *Bloodgood et al.* 7 Johns. Ch. R. 90, and was examined also in *Murray* v. *Coster,* 20 Johns. R. 576, and the rule established by those cases, as well upon authority as the soundest principles of policy, is, that the trusts not to be reached or affected in equity by the statute of limitations, as between the trustee and *cestui que trust,* are those technical and continuing trusts which are not at all cognizable at law, but fall within the proper, peculiar, and exclusive jurisdiction of chancery.

An administrator of an estate is a trustee for a person enti-
tled by law to a distributive share of that estate.   The trust
is a direct one, and such as Courts of chancery have exclu-
sive cognizance of, not only by the contemplation of our
statute, but by the general principles of law.   The defen-
dant, therefore, cannot avail himself of the statute as a bar in
this case, provided he is to be treated as the administratrix
would be treated, if she were alive and a party with him to
this suit.   If a married woman be an executrix or administra-
trix, the husband has a joint interest with her in the effects
of the deceased, such as devolves the whole administration
upon him, and enables him to act in it to all purposes with or
without her assent.   *Ankerstein* v. *Clarke et al.* 4 T. R.
616.—*Yard* v. *Eland*, 1 Ld. Raym. 368.—1 Salk. 306.   But
the wife has no right to administer without the husband, and
in general any act, if performed by her without his concur-
rence, will be of no validity.   Salk. 117, 306.   If, there-
fore, the husband acts at all, the law raises a trust which is
peculiarly the subject of equity cognizance.

In this case it is averred that the defendant took possession
of the personal property, refused to permit his wife to pro-
ceed with the administration, and appropriated the property
to his own use.   He is proceeded against as a trustee by the
*cestui que trust*, and, under the circumstances as we have
shown, cannot set up the statute in bar of the plaintiff's claim.

The defendant, in addition to his plea, has answered the
bill, and avers a performance of the trust by a distribution of
the personal effects of *Josiah Smith*, deceased, according to
the laws of *Ohio;* and, in the absence of direct proof, relies
upon the lapse of time as presumptive evidence of perform-
ance.   The statute of distribution of the state of *Ohio*, is, by
agreement of counsel, made a part of the case.   This defence
is legitimate.   Courts of chancery, from an indisposition to
encourage laches or indolence in a party in the prosecution
of his rights, will, after a great lapse of time, presume some
composition or release to have been made.   Therefore, a
legacy, or a claim for the distributive share of an estate, to
which the statute of limitations cannot be pleaded as a bar,
will, if the demand be stale, be presumed to have been paid.
*Parker* v. *Ash*, 1 Vern. 256.—*Sturt* v. *Mellish*, 2 Atk. 610.—

*Higgins* v. *Crawfurd*, 2 Ves. jun. 571.—*Arden* v. *Arden*, 1 Johns. C. R. 313.—*Durdon* v. *Gaskill*, 2 Yeates, 268.

The claim set up in this case is stale, and we concur with the Circuit Court in the opinion that the complainant, on account of the staleness of the demand, is not entitled to a decree. The complainant arrived at mature age in the year 1816, and the bill was filed in the year 1842, twenty-six years after the removal of the disability of age. During fifteen years of this latter period, his mother, the administratrix, was alive. His entire silence, during this long period, affords a strong presumption that his right had been acknowledged and his claim satisfied. There is but one deposition on file, and there is nothing in that deposition to rebut the presumption. The complainant cannot be presumed to have been ignorant of the fact, that he was entitled to a distributive share, more or less, of his father's estate. If he were suing for a legacy, the presumption might be otherwise. But in this case the averment of ignorance cannot avail him, and the presumption is, that if his claim had not been satisfied it would have been asserted at an earlier period.

*Per Curiam.*—The decree is affirmed with costs.

*J. S. Newman*, for the plaintiff.

*J. Rariden*, for the defendant.

