Dakin and Others *v.* Anderson and Others.

DAKIN and Others *v.* ANDERSON and Others.

A debt was paid in the paper of the "Citizens' Bank of *Gosport*," which paper was illegal and void, and the creditor sued upon [the debt as still unpaid, and the debtor pleaded that he was not receiving or paying out said paper, but the creditor requested him to procure said paper, and agreed, if he would procure and deliver the same to him, to accept it in full payment and satisfaction of the debt, and that he did, in consideration of such request and agreement, procure and deliver said paper, which was received by the creditor in full payment, &c.

*Held*, that such plea was good, and that, if the facts were true, the creditor was estopped thereby from setting up such claim.

APPEAL from the *Morgan* Circuit Court.

HANNA, J.—Suit on an account. Answer denial, payment, and that there had been a note executed for a balance found due on a settlement, and a judgment recovered on said note. To this last paragraph, among other things, it was replied, in substance, that, true it was these things had taken place, but that in said settlement said defendants had been credited with 361 dollars, for so much money, when in fact that received was paper of an illegal issue of the "Citizens' Bank of *Gosport*," and was worthless, and should not have been credited.

In addition to the facts pleaded in the above answer, the defendants, in their fifth paragraph, set up that they were doing business, &c., and were not receiving nor paying out said paper of said "Citizens' Bank." That the same was illegal, and certain persons named had large amounts of it on hand, of all which facts plaintiffs had full notice, and requested the defendants to procure said notes, and agreed, if defendants would procure said notes and deliver them to plaintiffs, they would accept the same in full payment and satisfaction of their said account; and defendants, in consideration, &c.,

Dakin and Others *v.* Anderson and Others.

did procure, &c., and deliver, &c., which said plaintiffs received in payment, &c.

There were demurrers sustained to all the paragraphs of the answer setting up this defence. Upon the trial, the plaintiffs proved that they had sold the goods, &c., closed up the account, &c.; but in doing so, had carried to the credit of defendants 361 dollars of the notes of the "Citizens' Bank," received by express, and which proved to be worthless, &c. The defendants offered to prove by letters of plaintiffs and oral evidence, that plaintiffs had been informed by the agent of the defendants that they were not receiving nor having anything to do with that illegal paper; that plaintiffs authorized them to procure, and they would receive, the same in payment of this debt; that said agent did procure 361 dollars of said paper, and forwarded the same to plaintiffs, who received and credited defendants with that amount; that a note was taken for the balance, and has been paid; and the amount remained so closed for near two years; that said "citizens' paper" would not have been procured but for said arrangement and agreement, and that defendants have paid the face thereof to the persons from whom it was procured, &c. Trial, verdict for plaintiff for — dollars, all of which was remitted down to 361 dollars. Judgment for that amount.

Did the facts set up in the answer and offered in evidence, constitute a defence?

There are, perhaps, two aspects presented by this transaction, depending upon the stand point from which it is viewed; in one the defendant apparently bases his defence upon an illegal transaction; in the other, the plaintiff, in like manner, bases his right to recover.

The "Citizens' Bank paper" is conceded to have been an illegal issue, and has been so judicially declared; *Brown* v. *Killian*, 11 Ind. 449; and if payment in the same, of a preexisting debt, can be maintained, it must be upon some ground

other than its intrinsic or commercial value. Does the fifth paragraph of the answer develope such ground? If it does, it is because the facts set up, if proved, should operate as an equitable estoppel upon the plaintiffs. What is an estoppel *in pais*, or equitable estoppel? It is "an admission intended to influence the conduct of the man, with whom the party is dealing, and actually leading him into a line of conduct, which must be prejudicial to his interest, unless the party estopped be cut off from the power of retraction." *Dazell* v. *Odell*, 3 Hill 219. In the application of this principle to the facts as they present themselves in this transaction, it is manifest there should appear: 1. An admission by plaintiffs inconsistent with the claim which they now set up.' 2. Action by the defendants upon such admission. 3. An injury to the defendants by allowing such admission to be disproved or disregarded.

As to the two first, they plainly appear to be sufficiently averred by the answer in this, that the plaintiffs agreed to receive in payment the named paper, if the defendants would procure the same; and that defendants, acting upon that agreement, did procure and pass over to the plaintiffs said paper, who, in fulfillment of their agreement, entered the same on the claim now sued on as a payment thereof. The difficulty is to determine whether the defendants, by thus proceeding, were thereby placed in a position to suffer injury if the plaintiffs are now permitted to shift their ground. The motive which influenced defendants in procuring said paper is sufficiently apparent, but the facts connected therewith are not shown so as to enable us to determine whether the consideration paid therefor could be recovered back or not. Even if it could, a further question would arise, whether the defendants might not rest upon the request of plaintiffs to make said outlay, and say that they have suffered injury to

Dakin and Others *v.* Anderson and Others.

that amount, and to the value of the trouble and expense consequent upon the compliance therewith.

We are of opinion that, unless some other principle intervenes, the law of estoppel would, on the facts pleaded, prevent the plaintiffs from now seeking to enforce the original contract for the recovery of the price of said goods.

But it is said the defendants can not be permitted to set up the defence attempted in said fifth paragraph, because the whole transaction, relied on as a payment in said Citizens' Bank paper, was illegal and against public policy.

We shall not stop to discuss this question at length, for this reason: The defendants, in the third paragraph of their answer, had interposed against the right to recover a settlement by which the account had been closed up. The plaintiffs replied, in effect, that they should not be thereby concluded, because a part of the credits upon which said settlement was based, were given upon the consummation of the illegal transaction, which the defendants detail in the fifth paragraph of the answer.

Upon the trial of the issue thus made on the third paragraph, the legitimate evidence offered by the defendants did not disclose said transaction, namely, the settlement sheet, or account stated by plaintiffs—the execution of a note for balance and payment thereof by the defendants. The plaintiffs then had to affirmatively allege and prove the illegal transaction in the attempt to rid themselves of its consequences. Courts should be slow to interpose, if at all, to relieve from the effects of an executed contract of this character, in instances where they would not lend their aid to enforce the performance thereof, or give damages for non-performance. Considering then for the present, without so deciding, or intimating anything in reference thereto, that a case might be presented where the Court would lend its aid in granting relief from an executed contract founded in an illegal transac-

tion, still, we suppose, under our system of blended legal and equitable practice, the whole facts should be developed, so that a Court might be guided to a joint conclusion. If so, the evidence offered and rejected, would bring us back again to the consideration of the same principle involved in the answer demurred to, namely, whether the plaintiffs so acted, and caused defendants to act, as to close their mouths from making this claim. We are of opinion, if such things are true, that they did, and that the evidence ought therefore to have been received as offered by defendants. If the whole evidence given and offered by both parties on the issue made in regard to the want of conclusiveness of the settlement, had been offered by the plaintiffs, it should have been rejected, or else the defences set up by the fifth paragraph of the answer should have been admitted. One ruling or the other was wrong, and each was against the defendant.

Enough has been said to show that principles entirely different from those enunciated in *Brown* v. *Killian,* should control the decision herein, and that a proper discrimination was not made, if that case influenced this.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings.

*W. N. Harrison,* for the appellants.

*McDonald & Roache,* for the appellees.