RICHARDS, &c. *v.* STOGSDELL *et al.*

PAYMENT OF TAXES.—The payment of taxes in an illegal and void currency is a nullity, and the tax collector might, notwithstanding such payment, proceed to collect them as in other cases.

SAME—ACTION.—But the tax collector does not, by reason of a void payment to him of taxes on his duplicate, acquire any personal right of action against the person making such payment, for the recovery of the amount of taxes so attempted to be paid.

SAME.—A tax collector, in order to avail himself of the remedy given him by section 193, 1 R. S. 1852, p. 145, must proceed within the time limited in said section.

APPEAL from the *Owen* Circuit Court.

WORDEN, J.—In 1857 and 1858 *George Dittemore* was treasurer of *Owen* county. Certain taxes were due from the

Richards, &c. *v.* Stogsdell et al.

defendant, *Stogsdell*. These taxes, together with some taxes against other persons, *Stogsdell* paid to *Dittemore*, as such treasurer, in paper of the *Citizens Bank of Gosport*, an illegal and void currency. The taxes paid by *Stogsdell* for other persons were paid by virtue of an arrangement between him and them, for which he afterwards received from them good money. At the annual settlement by the treasurer, in *June*, 1858, the sums thus received from *Stogsdell* were charged against said treasurer. *Dittemore* claims that *Stogsdell* is indebted to him in the amount of the taxes thus paid by the latter in the currency mentioned, and assigned the account thereof to the plaintiff, who brought this suit to recover the same. On the facts above stated, the Court found for the defendant, and this finding seems to us to have been correct. It may be admitted that the payment of the taxes in the currency mentioned was void and of no effect whatever, and that the treasurer might, notwithstanding such payment, have proceeded to collect them as in other cases. Still it is not perceived that, independently of any statute, *Dittemore* acquired any personal right of action against *Stogsdell*. It seems to us that the payment was a nullity; that the taxes yet remained due, and that no implied assumpsit arose from the transaction against *Stogsdell* in favor of *Dittemore* personally. But there is a statute which enacts that, "if any county treasurer, on making settlement with the county auditor, shall stand charged with any tax remaining unpaid, and shall not receive a credit therefor in such settlement, such treasurer may collect such tax for his own use at any time within one year after such settlement, either by distress and sale, as hereinbefore provided, or by action of debt in his own name, before any justice of the peace, or court having jurisdiction." 1 R. S. 1852, p. 145, sec. 193. The suit in this case, however, was not brought within the time limited, and must therefore fail. It may be observed that there was an agree-

ment that all matters of defense might be relied upon without pleading.

*Per Curiam.*—The judgment is affirmed, with costs.

*Wm. M. Franklin,* for the appellant.

*John H. Martin,* for the appellees.