## MUSSELMAN *v.* KENT and Others.

DEMURRER.—*Defect of Parties.*—The question of a defect of parties plaintiffs cannot be raised by a demurrer to the complaint for failure to state sufficient facts.

Musselman *v.* Kent and Others.

TRUST.—*Fraud.*—*Statute of Limitations.*—Certain land mortgaged to the State to secure a loan from the sinking fund was sold by the State upon the failure of the mortgagor to pay interest. He was about to reinstate the mortgage within the time allowed therefor by law, when, he being largely in debt and insolvent, and intending to delay his other creditors, which intention was known to the purchaser, it was verbally agreed between the mortgagor and purchaser, for the purpose of such delay, that the former should not reinstate the mortgage (and he did not do so); that the latter should hold the land in trust for the mortgagor and permit him to redeem it whenever his relations with his creditors would allow him to do so with safety; and that the mortgagor should pay the purchaser whatever amount the latter might pay the State for interest, which he did for a time, when said purchaser paid the amount due the State, and received from it a deed.

*Held,* that this was an implied trust under the statute; and the conveyance to said purchaser was void as to said creditors, who were entitled to have the property applied to the payment of their debts without offering to refund the amount paid by said purchaser, who had no lien therefor on the property.

*Held,* also, that the right of said creditors to have the fraudulent conveyance set aside, including prior judgment-creditors and one who held a mortgage on said property executed prior to said conveyance, was limited to six years from the date at which their cause of action accrued.

APPEAL from the Carroll Circuit Court.

DOWNEY, J.—The complainants are judgment-creditors of Green, one of the defendants, except one of them, who held a mortgage on the real estate in question. The action was brought to reach and subject to the payment of their claims, an interest which they allege Green had in a lot in the city of Logansport. Demurrer to the complaint, which was overruled. Answer by Musselman in nine paragraphs. Demurrers sustained to the second, fifth, sixth, seventh, eighth, and ninth. Replies to the third and fourth, by general denial. Answer by Haney, and issue thereon. The case was commenced in the Cass Circuit Court, and, after two changes of venue, was finally tried in the Carroll Circuit Court, where there was a special finding by the jury, in answer to interrogatories, which, by agreement of the parties, was to be regarded as a special verdict, and on which final judgment was rendered for the plaintiffs.

The first question is as to the sufficiency of the complaint. After alleging the recovery of the judgments against Green,

and the issuing and return of execution thereon unsatisfied, and the execution of a mortgage on the lot in favor of one of them, by Green, the complainants allege, that in 1837, Green was the owner of the real estate in fee simple; that he and his wife mortgaged the same to the State to secure a loan from the Sinking Fund; that having failed to pay the interest on the loan, the lot was sold and bid in by the State; that the State re-offered it for sale, and it was bought by Musselman for the amount of the debt due from Green; that Green then owed the several debts due to the plaintiffs, though they were not all reduced to judgments; that he owed many other debts, and was insolvent; that the parties holding the mortgage were then prosecuting a suit to foreclose the mortgage; that Green was about to reinstate said mortgage, which he had a right to do within sixty days, by paying to the State what was due to her, and to Musselman, or to the State for him, what was due to him on his purchase, and had the money ready, and was about sending the same to Indianapolis, when it was agreed between Musselman and Green that Musselman should hold the property, under his purchase, in trust for Green, and should allow him to redeem the same at any time afterwards when the relations of Green with his creditors would allow him to do so with safety; and that in the meantime Green would pay to Musselman whatever amount he should pay to the State for interest; that Musselman knew of the pecuniary condition and embarrassment of Green; that the intention of Green was to delay the foreclosure of the mortgage and to delay his other creditors in the collection of their debts, all of which was known to Musselman; that Green made payments on account of the interest of the Sinking Fund debt; that in December, 1859, Musselman paid off the amount due from him to the State and received a deed for the lot; that up to this time and afterwards, Green occupied one of the store-rooms in the building on the lot and rented the residue, paying to the appellant the interest of the debt to the State, and that he continued to recognize the trust;

that in 1860, they accounted concerning the principal and interest of the debt and expenses, and that there was found due to Mussselman seven hundred dollars, computing interest at ten per cent., with which rate of interest Musselman was dissatisfied, because the risk was too great, and insisted on being paid one hundred dollars per year; that the premises were then renting for three hundred and sixty dollars a year; that at this time Musselman demanded that a written contract should be drawn up in the form of a lease to the wife of Green, at a rental of one hundred dollars per year, by which he would appear to be the owner and get fifteen per cent. for his money; that when a lease was prepared he objected to it because it gave Mrs. Green the right to purchase the property within the year for seven hundred dollars. He did, however, prepare and execute to Mrs. Green a lease for two years, under which Green occupied, paying one hundred dollars a year, and also the taxes on the property. In the fall of 1863, Musselman paid to Mrs. Green five hundred dollars, and she and her husband executed to him a quitclaim deed for their interest in the lot, and from this time forward appellant rented the property, and received the rents, Green being one of his tenants.

It is further alleged that Musselman afterwards mortgaged the lot to Haney, to secure the payment of five thousand dollars; that this was done to deceive the creditors of Green, and with a full knowledge of the facts by Haney; that Musselman owned other property of the value of one hundred and fifty thousand dollars, out of which Haney could make his debt.

The complaint also states the amount of rents received by Musselman, and that they amount to more than the money which he had paid out.

The prayer of the complaint is, first, that the lot be sold for the payment of the judgments and the mortgage, the plaintiffs agreeing to claim no priority among themselves.

Second, that Musselman be charged as trustee, and made to account for the rents received by him.

Third, that the mortgage to Haney be set aside as fraudulent, or, if the court shall deem him without fraud, that he be required to proceed at law to collect his debt from other property of Musselman before resorting to the lot in question.

Fourth, that Musselman be enjoined from selling or incumbering said premises, and on sale thereof that he unite in a deed therefor with his wife, conveying all their rights, with a clause against the incumbrance of Haney.

Fifth, that the deed from the State to Musselman and the deed from Green and wife to him be declared fraududulent and set aside.

There is also a prayer for general relief.

It is claimed by the appellant, that as relief is asked against Mrs. Green, she should have been made a party to the suit, and this is undoubtedly true. But the demurrer to the complaint was for the reason that it did not state facts sufficient to constitute a cause of action. To raise this question, the demurrer should have been for the statutory cause, that there was a defect of parties, and it should have named the person omitted. *Collins* v. *Nave*, 9 Ind. 209; *Mandlove* v. *Lewis, id.* 194; *Gaines* v. *Walker*, 16 Ind. 361.

Again, it is urged that the complaint is bad because it does not show such a trust as is valid under the statute on that subject. It is not alleged that the agreement between Green and Musselman, upon which it is claimed by the appellees the trust arises, was in writing, as required by the statute in the creation of trusts other than those which arise by implication of law, and no copy of any such agreement is made part of the complaint and filed with it. At common law, where a contract required by the statute of frauds to be in writing was declared on, it was not necessary to show in the declaration that the contract was in writing. But under our code, if the contract or a copy of it is not filed with the complaint, it will be presumed that the contract was not in writing, and the pleading setting up a contract in such a case will be held defective, on demurrer,

unless it show that there was such a writing as required by the statute. *Harper* v. *Miller*, 27 Ind. 277. If, then, the complaint were to be viewed as setting up and relying upon an express trust only, we should be compelled to hold it bad. But we do not so regard it.

Does the complaint show a trust "by implication of law"? When a conveyance, for a valuable consideration, is made to one person, and the consideration paid by another, no use or trust arises in favor of the latter, but the title rests in the former, with some exceptions. 1 G. & H. 651, sec. 6.

One of the exceptions is, that every such conveyance shall be presumed fraudulent as against the creditors of the person paying the consideration therefor; and when a fraudulent intent is not disproved, a trust shall, in all cases result in favor of creditors. 1 G. & H. 651, sec. 7.

It is true that Green paid no money as a consideration, but it alleged that he had a right to have the sinking fund mortgage reinstated, and thus save his property; that he was about to do this; and that he gave up this right, which was a valuable one. This we think was the payment of a consideration within the meaning of the sections of the statute above cited. It was an interest in the lot which the creditors had a right to follow, if it was conveyed away by him under such circumstances as would render the transaction fraudulent according to the statute against conveyances to defraud creditors.

The allegations of the complaint are amply sufficient to show the transaction fraudulent as against the creditors of Green. It is alleged that the purpose was to hinder and delay the creditors of Green in the collection of their debts, and that Musselman participated in it with a full knowledge of the facts. This rendered the transaction fraudulent as to the creditors of Green. Although it is provided in the statute declaring what lands shall be subject to execution, 2 G. & H. 263, sec. 526, that lands fraudulently conveyed with intent to delay or defraud creditors, and also land and any estate or interest therein holden by any one in

trust for, or to the use of, another, are liable to all judgments and attachments, and to be sold on execution against the debtor owning the same or for whose use the same is holden, yet it is held that judgment-creditors may maintain an action, before selling the property on execution, to have the fraudulent character of the conveyance declared, and to remove it out of the way. *Pennington* v. *Clifton*, 11 Ind. 162, and other cases cited in that opinion.

The complaint is framed as if it were against an ordinary trustee, seeking an account, &c. But, in our opinion, a person standing in the position of fraudulent grantee is not entitled to so much consideration. If the transaction was fraudulent, it was void as to the creditors, and they were not bound to refund the amount which he had paid, nor can he have a lien therefor on the property. It cannot be admitted that the payment of part or even the full value of property can purge the transaction of its fraudulent character, if it was not made in good faith. *Rogers* v. *Evans*, 3 Ind. 574.

We think there was no error in overruling the demurrer to the complaint.

The next question is upon the ruling of the court in sustaining the demurrer to the paragraphs of the answer of Musselman. The second paragraph is as follows: He says that the pretended fraud charged in the complaint accrued more than six years next before the bringing of this suit.

The statute of limitations looks to the time when the cause of action accrues as the date from which the time is to be computed within which the action may be commenced. It is not alleged that the cause of action did not accrue within six years before the commencement of the suit. We approve also this action of the circuit court in holding this paragraph of the answer bad.

The next question is as to the correctness of the action of the circuit court in sustaining the demurrers to the fifth, sixth, seventh, eighth, and ninth paragraphs of the answer of Musselman. The fifth paragraph is as follows: "John

T. Musselman, one of the defendants, for answer to the claim of Edward M. Anderson, says that said plaintiff's cause of action, as alleged in the complaint, has not accrued within six years next before the commencement of this suit, and that the said plaintiff had knowledge of all the facts set up in the complaint for more than six years before the commencement of this suit." The sixth, seventh, eighth, and ninth paragraphs are the same in form, but are addressed separately to the claims set up by the other plaintiffs. The statute of limitations requires actions for relief against fraud to be brought within six years. 2 G. & H. 156, sec. 210, cl. 4. We think this was an action of that character, and that the limitation of six years was a good bar to the action. It is claimed by the appellees that the action was for the collection of the judgments and the mortgage, and that it would not be barred until after the lapse of twenty years. We cannot so regard it. Musselman was not a party to the judgments or to the mortgage. The sole object of the suit, so far as he was concerned, was to have the transaction declared fraudulent by virtue of which he held the property. If the suit was on the judgments, as causes of action, then copies of them should have been filed with the complaint. This was not done. Judgments had already been rendered against Green. The relief sought was to come from Musselman when he should be compelled to yield up to the creditors that which he had acquired by fraud.

It is also claimed that in cases of trust the statute does not run, but this is true only of trusts of a certain character. Those technical and continuing trusts of which courts of chancery alone had jurisdiction are of this character. *Smith* v. *Calloway,* 7 Blackf. 86.

We do not think the trust which the law forces upon the party in such a case as this is exempt from the operation of the statute. We think the demurrers should have been overruled, and that it was error to sustain them.

There were other questions raised during the progress of

the cause, after the stage at which these demurrers were sustained; and the rulings of the court upon them are assigned for error; but it is not necessary that we should examine them, as the case will probable assume new forms hereafter.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*D. D. Dykeman* and *W. Z. Stuart,* for appellant.

*D. D. Pratt* and *C. B. Lasselle,* for appellees.