The School Town of Monticello *v.* Grant *et al.*

Filed Dec. 9, 1885.

---

No. 11,184.

THE SCHOOL TOWN OF MONTICELLO *v.* GRANT ET AL.

EVIDENCE.—*Pleadings.*—The pleadings in a cause, as well as the other papers constituting the basis of the action, are before the court without being read in evidence.

PRACTICE.—*Amendment of Complaint.*—*Statute of Limitations.*—An amendment to a complaint has relation to the time at which the complaint was filed. It is only where the amendment sets up some claim or title, not previously asserted, and involving the statute of limitations, that a different rule applies.

SAME.—*School Corporation.*—Where it is apparent that a town was sued as a school corporation, but it is not specifically described as such in the complaint, the filing of an amended complaint so describing it relates back to the time of filing the original complaint.

SALE.—*Payment in Void Securities.*—Where a sale is for cash, and securities which are void, or prove to be void, are taken in payment, the creditor may sue and recover on the original cause of action.

SAME.—*Question for Jury.*—*Weight of Evidence.*—Whether a given transaction, in a controverted case, constitutes a payment, is a question for the jury, and its verdict will not be disturbed on the weight of the evidence.

From the Cass Circuit Court.

*A. W. Reynolds, E. B. Sellers, M. Winfield* and *C. E. Taber,* for appellant.

*S. T. McConnell,* for appellees.

NIBLACK, J.—The proceedings which resulted in this appeal were commenced in the White Circuit Court on the 22d day of April, 1876, by George H. Grant, Turner W. Haynes and William F. Spencer, partners, constituting the firm of George H. Grant & Co., against "the Town of Monticello, a corporation for school purposes."

The summons was served on the president of the board of trustees, and the clerk and treasurer, of the town of Monticello, and on Hannawalt, Bushnell and Sims, school trustees of said town.

The action was for school desks and school furniture used in a school building, and the venue was changed to the Carroll Circuit Court, where, on the 3d day of May, 1877, the plaintiffs, by leave of court, filed an amended complaint, substantially the same as the complaint first filed, except that it described the defendant as the "School" Town of Monticello.

The defendant answered:

*First.* In denial.

*Second.* Payment.

*Third.* The six years' statute of limitations.

Issues were formed upon the second and thirds paragraphs of answer, and there was a verdict and judgment for the defendant. That judgment was reversed by this court. *Grant v. School Town of Monticello,* 71 Ind. 58.

After the cause was remanded, the venue was again changed to the Cass Circuit Court, where some additional paragraphs of answer were filed, upon which issues were joined, and

where a second trial resulted in a verdict and judgment for the plaintiffs, and in the prosecution of this appeal.

The questions discussed by counsel are such only as were reserved upon the appellant's motion for a new trial.

This court held at the former hearing, that upon the evidence then before it the demand in suit was not barred by the statute of limitations, and, so far as that question is now involved, the evidence in the record before us is substantially the same as it was at that hearing.

It was then, as it still is, a settled rule of judicial construction that the pleadings in the cause, as well as the other papers constituting the basis of the action, are before the court without being read in evidence. *New Albany, etc., P. R. Co.* v. *Stallcup*, 62 Ind. 345; *Boots* v. *Canine*, 94 Ind. 408. It may, therefore, be accepted as the law of this case that the demand was not barred by the statute of limitations when the action was commenced.

When this case was here before, the present appellant made the point that the amended complaint, describing the defendant as the "School" Town of Monticello, was the substitution of a new and materially different complaint, as compared with the one first filed, and was hence the commencement of a new action against another defendant more than six years after the cause of action had accrued, but this court made no distinct ruling upon that particular point as it was then presented, and because of that seeming omission the same point is now renewed and urged with much earnestness and elaboration, citing *Miller* v. *McIntire*, 1 McLean, 85, *Lagow* v. *Neilson*, 10 Ind. 183, *Jones* v. *Porter*, 23 Ind. 66, *Hawthorn* v. *State, ex rel.*, 57 Ind. 286, and *Floyd* v. *Floyd*, 90 Ind. 130. These authorities have reference to cases in which new parties are brought before the court by amendment, and not to cases in which there is an amended description of a defendant already before the court, whether by the due service of process or otherwise. The general rule is, that an amendment to a complaint has relation to the time at which the com-

plaint was filed. It is only, so far as we have observed, where the amendment sets up some claim or title, not previously asserted, and involving the statute of limitations, that a different rule has been applied. It was plainly inferable from the facts averred in the original complaint, as well as from the persons upon whom process was served, that the appellant was sued as a school corporation. The amendment, therefore, which more formally described the appellant as a school corporation, did not in any manner change the nature of the action, and clearly had relation to the time at which the first complaint was filed. Such an amendment was authorized and inferentially recognized as a merely formal proceeding by section 99 of the code of 1852, which was in force when the amendment was made.

It was shown by the evidence that in August, 1870, George H. Grant & Co., upon an order previously given, shipped and delivered to the school trustees of the town of Monticello school desks, and other school furniture, amounting in value to the sum of $1,549.20, and that the school trustees in turn afterwards delivered to Grant & Co. county bonds, issued by the board of commissioners of White county, for a corresponding amount. Whether these bonds were transferred to Grant & Co. under circumstances which constituted the transaction a payment for the school desks and other school furniture in question, was, aside from the question of the statute of limitations, the only matter really in controversy at the trial. These bonds, with others issued at the same time, were held by this court to have been unlawfully issued, and hence valueless, after they fell into the hands of Grant & Co., and this suit is one of the results of that holding. See *Rothrock* v. *Carr*, 55 Ind. 334.

It is true, as contended by appellant's counsel, that where, in a fair transaction, one commodity is given simply in exchange for another, the party receiving such commodity in exchange can not repudiate the arrangement and demand other compensation because the commodity he accepted has proven

The School Town of Monticello *v.* Grant *et al.*

to be of no value. It is also true, in a general sense, that " any thing is a payment which the creditor accepts as a payment," but that is upon the implied understanding that the thing received in payment is presumably of some value, either general or special, to the creditor. When, however, a sale is for cash, and securities which are void, or prove to be void, are taken in payment, the creditor may sue and recover on the original cause of action. Whether a given transaction, in a controverted case, constitutes a payment, is a question for the jury to decide upon the evidence, and in such a case the conclusion reached by the jury will not be disturbed in this court upon what may appear to be the mere weight of the evidence.

Questions are made here on several of the instructions given by the circuit court at the trial, but the general principles herein above announced practically decide all questions argued upon the instructions.

Taken as a whole, we see no available error in any part of the instructions.

The jury were, in effect, required by the instructions to determine whether the transaction in controversy was an exchange simply, or whether the bonds were accepted absolutely in payment, or only contingently or collaterally. There was evidence strongly tending to sustain the verdict. No sufficient cause has, consequently, been shown for a reversal of the judgment either upon the instructions or the evidence.

The following authorities are cited as having some relation to the questions discussed in the latter part of this opinion. *Ridenour* v. *McClurkin,* 6 Blackf. 411; *Louden* v. *Birt,* 4 Ind. 566; *Tilford* v. *Roberts,* 8 Ind. 254; *Brown* v. *Killian,* 11 Ind. 449; *Dakin* v. *Anderson,* 18 Ind. 52; *Richards* v. *Stogsdell,* 21 Ind. 74; *Hart* v. *Crawford,* 41 Ind. 197; *Wingate* v. *Neidlinger,* 50 Ind. 520; 2 Greenl. Ev. (14th ed.), section 523, and authorities cited.

The judgment is affirmed, at the appellant's costs.

Filed May 26, 1885; petition for a rehearing overruled Dec. 10, 1885.