Newsom *v.* The Board of Commissioners of Bartholomew County.

Filed Nov. 6, 1885.

No. 12,188.

NEWSOM *v.* THE BOARD OF COMMISSIONERS OF BARTHOLOMEW COUNTY.

STATUTE OF LIMITATIONS.—*Money Received by Public Officers.*—*Trusts.*—The mere receipt of money under claim and color of right by public officers, does not constitute them trustees in such a sense as to bar the defence of the statute of limitations.

Newsom *v.* The Board of Commissioners of Bartholomew County.

Same.—*Taxes Illegally Collected.*—An ordinary action may be maintained to recover taxes illegally assessed and collected.

Same.—*When Statute of Limitations a Valid Defence.*—Where money can be recovered in an ordinary action, the statute of limitations is a valid defence.

Same.—*Can not be Made to Direct Trusts.—Equity.*—It is only to direct trusts, exclusively cognizable by courts of equity, that the defence of the statute of limitations can not be made.

Same.—*Demand.*—Where a demand is necessary to mature a cause of action, it must be made before the statute of limitations has run, to be available.

Same.—A demand is not essential to create a cause of action for taxes illegally collected.

From the Bartholomew Circuit Court.

*M. Hacker, W. F. Strickland, D. L. Wilson, H. S. Downey,* and *C. Major,* for appellant.

*N. R. Keyes,* for appellee.

Elliott, J.—The appellant, by his complaint, seeks to recover from the county taxes which it is alleged were wrongfully and illegally exacted from him. The complaint was before us in *Newsom* v. *Board, etc.,* 92 Ind. 229, where it was held to be good. The questions in the present appeal arise on the issues formed upon answers which plead the statute of limitations.

The position of the appellant is that the money exacted from him for taxes was received in trust for him, and that the statute of limitations can not be made available in a suit against trustees to recover trust funds. This position is not tenable. The mere receipt of money under claim and color of right by public officers does not constitute them trustees in such a sense as to bar the defence of the statute of limitations. Conceding, but not affirming, that a public officer, or corporation, who receives money under color of right, is by that act constituted a trustee, still the trust is not one which can be enforced after the statute of limitations has run. There are trusts which can not be enforced against the defence of the statute, and if there is here any trust at all, it is within

the class which the statute may be used to defeat. Direct trusts, exclusively cognizable by courts of equity, can not be defeated by the statute, but the present trust, if, indeed, it be a trust in any just sense, is not a direct trust.

Where money can be recovered in an ordinary action, the statute of limitations is a valid defence. Wood Limitations, section 59. In discussing this question the author referred to says: "In cases where the jurisdiction of equity is concurrent with courts of law, that is, when a right is sought to be enforced in equity for which the party has a remedy at law, it would operate as a virtual repeal of the statute, if parties by a change of forum could evade its effect." *Ibid.* It would certainly be a strange rule that would make the operation of the statute depend simply upon the character of the remedy adopted or the nature of the forum chosen, and the law is not subject to the reproach of sacrificing a substantial right to the mere form of the remedy selected by the complainant. *Smith* v. *Calloway*, 7 Blackf. 86, see p. 88.

It is well settled that an ordinary action may be maintained to recover taxes wrongfully and illegally assessed and collected. *City of Indianapolis* v. *McAvoy*, 86 Ind. 587.

It is, as we have said, only to pure or direct trusts that the equitable rule denying the validity of the defence of the statute of limitations applies. Angell thus states the law: "But in cases of resulting, implied, and constructive trusts, the rule is otherwise, it being well settled, as a rule of equity, that, where a claim is made after a great length of time against the holders of trusts of this description, the statute of limitations will apply, as likewise presumption from lapse of time." Angell Limitations, section 469. Our own court has repeatedly declared and enforced this principle.

In *Raymond* v. *Simonson*, 4 Blackf. 77, it was said: "The general rule, however, that the statute of limitations is a bar to suits in equity, as well as actions at law, has its limits. It is opposed by another general rule, that in cases of frauds and trusts, the statute of limitations does not run. The trusts

coming within this rule are direct trusts; technical and continuing trusts, which are not cognizable at law, but which are mere creatures of a court of equity, and fall within the proper and exclusive jurisdiction of chancery. There are numerous eventual and possible trusts, that are raised by implication of law and otherwise, that fall within the control of the statute. Every deposit is a trust; every person who holds money to be paid to another, or to be applied to any particular and specific purpose, is a trustee, and may be sued either at law or in equity. Contracts of bailment are express and direct trusts, but these are all within the statute. The sound rule then is, that the trusts not reached or affected in equity by the statute of limitations, are technical and continuing trusts, of which courts of law have no cognizance." The same general principle is asserted in *Smith* v. *Calloway, supra,* and in *Musselman* v. *Kent,* 33 Ind. 452, it was said: "It is also claimed that in cases of trusts the statute does not run, but this is true only of trusts of a certain character. Those technical and continuing trusts of which courts of chancery alone had jurisdiction are of this character. *Smith* v. *Calloway,* 7 Blackf. 86. We do not think the trust which the law forces upon the party in such a case as this is exempt from the operation of the statute." There are many authorities supporting the rule of this court, among them *Wilmerding* v. *Russ,* 33 Conn. 67, *Kane* v. *Bloodgood,* 7 Johns. Ch. 90, *Robinson* v. *Hook,* 4 Mason, 139, *Tinnen* v. *Mebane,* 10 Texas, 246, *Wingate* v. *Wingate,* 11 Texas, 430, *Hovenden* v. *Lord Annesley,* 2 Sch. & Lef. 607, *Lockey* v. *Lockey,* Prec. Ch. 518.

These authorities, to which many more might be added, show that it has always been the rule that there are many kinds of trusts against which the statute of limitations will run, and they show, moreover, that it is not correct to affirm, as is sometimes done, that the statute never runs in the case of a trust. This statement is true of direct, technical trusts created by express law, or by deed or will, but it is not true

of implied trusts, where there is concurrent equity and law jurisdiction.

The appellant's counsel contend that no cause of action accrued until a demand was made, and that the statute did not begin to run until that time. If we were to grant the assumption of counsel, it would avail them nothing, for the demand was not made until after the statute had run, and in such cases the demand is fruitless. Courts of equity will deny relief in cases of this character, since, to hold otherwise, would put it in the power of the party to destroy the beneficial effect of the statute. This question is so well argued in *High* v. *Board, etc.,* 92 Ind. 580, that it is unnecessary to again discuss it.

The assumption that a demand is essential to create a cause of action is not sustained by the authorities. *Peyser* v. *Mayor,* 70 N. Y. 497 (26 Am. R. 624); *Baker* v. *Kennedy,* 16 Central L. J. 293; *Kitchen* v. *Bedford,* 13 Wall. 416.

Judgment affirmed.

Filed Nov. 4, 1885.