## MERRILL v. TOWN OF MONTICELLO.

### (Circuit Court, D. Indiana.　March 9, 1895.)

### No. 8,797.

1. EQUITY—GROUNDS OF DEMURRER—LIMITATIONS.
    Where it appears by the complainant's bill that the remedy is barred by lapse of time, or that by reason of laches he is not entitled to relief, the defendant may avail himself of the objection by demurrer.

2. TRUSTS—LIMITATIONS.
    In the case of an implied or constructive trust, unless there has been a fraudulent concealment of the cause of action, lapse of time is as complete a bar in suits in equity as in actions at law; and the bar of the statute begins to run when the cause of action has accrued.

3. SAME.
    The town of M. intrusted certain bonds to one W. for sale. W. sold the bonds and embezzled the proceeds. The town afterwards recovered $6,988 from a bank which held the same for W. More than six years after the recovery of this money, one M., a holder of some of the bonds sold by W., which had been adjudged to be invalid, brought suit against the town to charge it as trustee of the money recovered from W.'s bank, on the ground that such money equitably belonged to the purchasers of the bonds. *Held,* that the statute of limitations was a bar to the suit to charge the town under such implied or constructive trust.

4. LIMITATIONS—INDIANA STATUTE—SAVING CLAUSE.
    M. also sought to obtain an assignment of a bond given by W. to the town to account for the proceeds of the town bonds intrusted to him. The town had brought a suit on such bond, which it had dismissed after a judgment in its favor had been reversed on appeal. The statute of limitations (1 Burns' Rev. St. § 300; Rev. St. 1881, § 299) provided that if after an action was commenced it should fail or abate, or judgment be arrested, or reversed on appeal, a new action might be brought within five years, and deemed a continuation of the first action. *Held,* that such saving clause did not apply to actions voluntarily abandoned; that the alleged right to an assignment of W.'s bond was not the same cause of action as that litigated in the action of the town on the bond, and that therefore the saving clause of the statute did not apply.

A. C. Harris, for complainant.

Ayres & Jones, David Turpie, Walter S. Hartman, and Charles C. Spencer, for defendant.

BAKER, District Judge. This is a bill in equity to require the town of Monticello to account for the proceeds of certain bonds issued by it, which were sold by one J. C. Wilson, as agent of the town. It seeks further to charge the town, as trustee, with the sum of $6,988.43, which amount was received in 1882 by the officers of the town as the proceeds of certain litigation; and also to compel the town to assign the bond given by Wilson to account for the money realized by him from the sale of the bonds. The history of this litigation fully appears in the case of Merrill v. Monticello, 138 U. S. 673, 11 Sup. Ct. 441. The town issued 210 bonds, of $100 each, which were sold in the market by Wilson, who had been appointed by the town to sell the bonds. He sold the bonds for $19,680.17, and fled to Canada with a part of the proceeds. The town found $6,988.43 of the money in a bank in Monticello to the credit of Wilson, as trustee, for the recovery of which amount the town

brought suit against Bundy, as receiver of the bank, and recovered the same, in 1882. Bundy v. Monticello, 84 Ind. 119. The town took a bond from Wilson, on which it recovered a judgment in the court below, which judgment was reversed on appeal. Wilson v. Monticello, 85 Ind. 10. The town then dismissed that suit. Merrill holds 143 of these bonds, which he purchased in open market, at par, for cash, in 1878, and the remaining 67 bonds are held by other persons unknown to the plaintiff. The town has interposed an amended demurrer to the bill, and laches and the statute of limitations, among other causes, are insisted upon as reasons why the complainant is not entitled to relief.

Where it appears by the complainant's bill that the remedy is barred by lapse of time, or that by reason of his laches he is not entitled to relief, the defendant may avail himself of the objection by demurrer. Bank v. Carpenter, 101 U. S. 567. All actions for the recovery of money arising out of contracts not in writing are required by the statute of this state to be brought within six years after the cause of action has accrued. 1 Burns' Rev. St. § 293 (Rev. St. 1881, § 292). Section 300, 1 Burns' Rev. St. (section 299, Rev. St. 1881), provides:

"If, after the commencement of an action, the plaintiff fail therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party; or judgment be arrested or reversed on appeal, a new action may be brought within five years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated."

Statutes of limitation are entitled to the same respect as other statutes, and ought not to be explained away or evaded. Clementson v. Williams, 8 Cranch, 72; McCluny v. Silliman, 3 Pet. 270; U. S. v. Wilder, 13 Wall. 254. Nor should such statutes be viewed in an unfavorable light, but should be treated as statutes of repose to secure the peace and good order of society. Usually they are founded in a wise and salutary public policy, and promote the ends of justice. Bell v. Morrison, 1 Pet. 352; Lewis v. Marshall, 5 Pet. 470. And such statutes may be invoked as a defense in suits in equity, as well as in actions at law. Lewis v. Marshall, supra; Leffingwell v. Warren, 2 Black, 599. In the absence of an act of congress, the courts of the United States are bound to conform to the decisions of the courts of the states in regard to the construction to be put upon statutes of limitation of the several states. Leffingwell v. Warren, supra; Ross v. Duval, 13 Pet. 45. As a general rule, it is doubtless true that lapse of time is no bar to the enforcement of an express trust, clearly established, for the reason that the possession of the trustee is presumed to be the possession of the cestui que trust. Prevost v. Gratz, 6 Wheat. 481, 497; Lewis v. Hawkins, 23 Wall. 119, 126; Railroad Co. v. Durant, 95 U. S. 576. But this rule is subject to the qualification, clearly pointed out in the decisions of the courts, that the bar of the statute begins to run against a trust as soon as it is openly disavowed by the trustee insisting upon an adverse right and interest which is clearly and distinctly made known to the cestui que trust. In the case of an

implied or constructive trust, it is equally well settled that, unless there has been a fraudulent concealment of the cause of action, lapse of time is as complete a bar in suits in equity as in actions at law; and the bar of the statute begins to run when the cause of action has accrued. Hovenden v. Annesley, 2 Schoales & L. 607, 634; Elmendorf v. Taylor, 10 Wheat. 152, 174; Speidel v. Henrici, 120 U. S. 377, 386, 7 Sup. Ct. 610. This is the settled rule of construction given to our statute of limitations by the supreme court of this state. In Raymond v. Simonson, 4 Blackf. 77, it was said:

"The general rule, however, that the statute of limitations is a bar to suits in equity as well as actions at law, has its limits. It is opposed by another general rule, that in cases of frauds and trusts the statute of limitations does not run. The trusts coming within this rule are direct trusts, technical and continuing trusts, which are not cognizable at law, but which are mere creatures of a court of equity, and fall within the proper and exclusive jurisdiction of chancery. There are numerous eventual and possible trusts, that are raised by implication of law or otherwise, that fall within the control of the statute. Every deposit is a trust; every person who holds money to be paid to another, or to be applied to any particular and specific purpose, is a trustee, and may be sued either at law or in equity. Contracts of bailment are express and direct trusts, but these are all within the statute. The sound rule, then, is that the trusts not reached or affected in equity by the statute of limitations are technical and continuing trusts, of which courts of law have no cognizance."

The doctrine of this case has often been reaffirmed by the same court. Smith v. Calloway, 7 Blackf. 86; Mussleman v. Kent, 33 Ind. 452; Newsom v. County of Bartholomew, 103 Ind. 526, 529, 3 N. E. 163. In the case last cited it was held that the receipt of money under claim and color of right by public officers does not constitute them trustees in such a sense as to bar the defense of the statute of limitations.

If the complainant in this case has acquired any right to compel the town to account to him for the moneys received by it or its agent, such right of action is raised by implication of law. It was settled by the supreme court of the United States in Merrill v. Monticello, supra, that the town had no legal power to bind itself by an express contract. The bonds issued by it were held ultra vires and void, and incapable of ratification. The cause of action exhibited in the bill, if any exists, arises out of the equitable doctrine that one shall not retain that which, ex debito justitiae, belongs to another. The trust relied on is one which is raised by implication of law, and is therefore within the control of the statute. The cause of action accrued as soon as the defendant received the money which, ex aequo et bono, ought to have been paid to the plaintiff, and which the defendant could not withhold with a safe conscience. If the complainant could charge the defendant as trustee for the money received by its agent, Wilson, that cause of action accrued in 1878; and, if he could charge the town as trustee for the money received as the proceeds of the litigation against Bundy, that cause of action accrued in 1882. The present suit was not commenced until 1892. No demand was necessary to set the statute in motion. But if it were conceded that a demand was necessary, it would avail nothing, for the de-

mand was not made until after the statute had run, and in such a case the demand is fruitless. Equity will deny relief in cases of this character, for to hold otherwise would put it in the power of the party to defeat the beneficial effect of the statute by delaying his demand. High v. Commissioners, 92 Ind. 580, 588; Codman v. Rogers, 10 Pick. 112; McDonnell v. Bank, 20 Ala. 313; Morrison v. Mullin, 34 Pa. St. 12; Palmer v. Palmer, 36 Mich. 487; Thrall v. Mead, 40 Vt. 540; Keithler v. Foster, 22 Ohio St. 27; Jameson v. Jameson, 72 Mo. 640. The complainant's right to relief for the recovery of the money received by the town or its agent is barred by the statute, as well as on the ground of laches, unless it is saved by section 300, 1 Burns' Rev. St. (section 299, Rev. St. 1881), copied above. It is apparent that the claim to have an assignment of the bond given by Wilson cannot aid the complainant's cause of action, because unless he can maintain his bill for the recovery of the money he can have no right to claim an assignment of the bond. The present suit is not within the saving effect of that section of the statute. The former action did not abate, nor was it defeated, by the death of a party, nor was the judgment therein arrested or reversed. Can the present suit be regarded as a continuation of the former action? If an action is voluntarily abandoned, it will not avail to save another action for the same cause from the bar of the statute. Null v. Canal Co., 4 Ind. 431. Nor does this section apply to actions defeated by reason of being wrongly instituted. Hawthorn v. State, 57 Ind. 286. The failure of a suit on account of a defect of title relied on in the former action does not fall within this section of the statute. Sidener v. Galbraith, 63 Ind. 89. The court in Sidener v. Galbraith, supra, say:

"We shall not undertake in this opinion to enumerate the particular instances in which a new action may be brought under this section. We content ourselves with showing that the present is not a continuation of the former action, within its meaning. We may premise that the previous action, claimed to have failed in this case, did not abate by the death of a party, nor was the judgment in it arrested or reversed on appeal; but, on the contrary, the judgment was affirmed on appeal to this court. We express no opinion on the question of negligence. The present case cannot be held to be a continuation of the former suit. The parties are not the same; the title on which the plaintiffs, the appellees in this court, base their right of action, is not the same; and the relief sought is not the same."

In the present suit the cause of action is not the same as that relied on in the former action, nor is the relief sought the same. The present suit is upon a new and independent cause of action. Besides, it is settled that if a complaint is so amended as to set up some new claim or title, not previously asserted, involving the statute of limitations, the sufficiency of a plea of the statute in bar of such new claim or title will relate to the time of the filing of such amendment, and not to the date when the action was originally commenced. School Town of Monticello v. Grant, 104 Ind. 168, 171, 1 N. E. 302; Railroad Co. v. Bills, 118 Ind. 221, 223, 20 N. E. 775. So that, if, while the former case was pending, the present cause of action had been pleaded by way of amendment to the original complaint, at any time after six years from the time the

cause of action had accrued, the statute could have been interposed as a bar. A fortiori, it can be invoked as a bar to the present suit.

The foregoing views render it unnecessary to consider the other objections urged to the bill on the argument. The demurrer to the bill is sustained, at the costs of the complainant; and, unless the bill is amended within 30 days, it will stand dismissed for want of equity.