MERRILL v. TOWN OF MONTICELLO.

(Circuit Court of Appeals, Seventh Circuit. March 5, 1896.)

No. 257.

LIMITATIONS—ACCRUING OF RIGHT—MONEY HAD AND RECEIVED.

The town of M. issued certain bonds, which were placed in the hands of an agent to negotiate. The agent sold the bonds, and absconded with the proceeds. A purchaser of part of the bonds afterwards brought suit on them against the town, which defended the suit on the ground that the bonds were issued without authority of law. and this defense was sustained. The bondholder then made a demand upon the town for the money paid its agent for the bonds, or for a sum·which the town had recovered from the defaulting agent, in case its liability were held to be limited to the amount it had actually received, and, such demand being refused, filed a bill against the town to obtain the same relief. *Held*, that the accruing of plaintiff's right of action was not postponed until the making of his demand, but the same arose at least as soon as the town, by interposing its answer in the action on the bonds, denied its liability, and more than six years having elapsed since that time, during which plaintiff was at liberty to assert his claim in his action at law, his right was barred.

Appeal from the Circuit Court of the United States for the District of Indiana.

Addison C. Harris, for appellant.

C. C. Spencer and Alex. C. Ayres, for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. In the year 1878 the town of Monticello, Ind., issued a series of 210 ten-year coupon bonds, for $100 each, and placed them in the hands of an agent to negotiate. The agent sold 143 of the bonds to a firm of brokers at Indianapolis for $12,918.40, and those bonds the appellant, Merrill, afterwards purchased in open market at Boston. The other bonds were sold at par by the agent of the town, and passed into unknown hands. The agent defaulted and fled the country, but, of the money received for the bonds, the town recovered $7,000, which the agent had deposited in a bank. The agent had also given to the town a bond with sureties for the faithful performance of the duties of the agency. The town brought suit upon that bond, and recovered judgment; but, the judgment having been reversed by the supreme court of the state upon technical grounds, the town dismissed the action. Wilson v. Town of Monticello, 85 Ind. 10. Interest coupons maturing after May, 1880, not having been paid, Merrill declared the principal of his bonds due, as by their terms provided, and in the year 1881 brought suit in the circuit court of the United States for Indiana to enforce payment. The town answered that the bonds were issued without authority of law, and were therefore void, and so the circuit court finally adjudged; and the judgment in 1891 was affirmed by the supreme court, as appears in Merrill v. Monticello, 138 U. S. 673, 11 Sup. Ct. 441, to which reference is made for a fuller statement of facts. In November, 1892, the appellant filed this bill, in behalf of himself and all holders of the bonds mentioned, whereby he sought to recover of the town the amount received by its agent in consideration of the sale of the bonds, or, in the event the town should be deemed liable only for the sum of $7,000 which came to its possession, then that judgment be given for that sum, and that the town be required to assign and deliver up, for the use of the complainant and other bondholders, the obligation which it holds against its agent and sureties. Upon demurrer to the effect that a case had not been stated to warrant equitable relief, and that the cause of action was shown to have accrued more than six years before the suit was brought, the bill was dismissed. 66 Fed. 165. The bill shows that before bringing suit the appellant made, in conformity with the prayer of the bill, a formal demand upon the town authorities, which was refused; and it is insisted here that until that demand was made the right of action did not accrue, unless there had been unreasonable delay in making the demand, and that the pending of the suit upon the bonds was a sufficient excuse for not making an earlier demand. Expressions are quoted from the opinions of the supreme court in Louisiana City v. Wood, 102 U. S. 294, and Bank v. Townsend, 139 U. S. 67, 75, 11 Sup. Ct. 496, to the effect that, the bonds being invalid, the liability or implied contract of the town was that it "would, on demand, return the money paid to it by mistake," implying that a demand was necessary; but in neither case was there involved a question of limitation, or of the necessity for a demand before suit. The most favorable view to the appellant is that the case should be regarded as one of trust, but, if so, it is of an implied or constructive trust only; and, there having been no fraudu-

lent concealment of the cause of action, it seems to be the settled doctrine that a demand before suing was not necessary, and that "lapse of time is as complete a bar in suits in equity as in actions at law." Among cases cited upon the point are Elmendorf v. Taylor, 10 Wheat. 152, 174; Speidel v. Henrici, 120 U. S. 377, 386, 7 Sup. Ct. 610; Smith v. Calloway, 7 Blackf. 86; Musselman v. Kent, 33 Ind. 452; High v. Board, 92 Ind. 580; Newsom v. Bartholomew Co., 103 Ind. 526, 3 N. E. 163; Parks v. Satterthwaite, 132 Ind. 411, 32 N. E. 82; Kraft v. Thomas, 123 Ind. 513, 24 N. E. 346; Codman v. Rogers, 10 Pick. 112; Sturgis v. Preston, 134 Mass. 372; McDonnell v. Bank, 20 Ala. 313; Morrison v. Mullin, 34 Pa. St. 12; Palmer v. Palmer, 36 Mich. 487; Thrall v. Mead, 40 Vt. 540; Keithler v. Foster, 22 Ohio St. 27; Jameson v. Jameson, 72 Mo. 640. The case of Cowper v. Godmond, 9 Bing. 748, upon which strong reliance has been asserted, does not support the contention of the appellant, because, so long as the defendant in that case did not repudiate the contract, the plaintiff was precluded from questioning its validity, and from claiming a return of the money which he had advanced or paid upon it. In this case the plaintiff, if entitled to stand in the shoes of the original purchaser of the bonds, and to demand a return of the price paid therefor, had the right to make the demand at any time; and, once the town had denied the validity of the bonds, as it did by its answer in the suit at law, we think it clear that the statute began to run against the right of action now set up, and, more than six years from that time having elapsed before the action was commenced, we are constrained to hold that the bar is complete. The complainant was under no compulsion to wait for the end of the action at law before taking the steps necessary to save the rights now asserted. It was not a case of election between inconsistent remedies. Assuming that the right of the original purchaser to a return of the price paid followed the bonds, though passed by delivery to subsequent purchasers,—that seems to have been recognized as the rule in Louisiana City v. Wood, supra, Smeltzer v. White, 92 U. S. 390, and Parkersburg v. Brown, 106 U. S. 487, 1 Sup. Ct. 442,—the appellant might have recovered the price shown to have been paid for his bonds by adding to his declaration in the action at law the common count for money had and received. The judgment below is affirmed.