WYNNE ET AL. *v.* CORNELISON ET AL.

FRAUDULENT CONVEYANCE.—*Answer.*—Complaint by a judgment plaintiff to set aside as fraudulent a conveyance of certain real estate made by the judgment defendant to a trustee, in trust for the grantor, after the accruing of the indebtedness and before judgment, and a conveyance by said trustee to the wife of the judgment debtor, executed after the rendition of the judgment, and to subject said real estate to sale, etc. Answer, admitting said conveyances, but alleging that said first conveyance was in trust for said wife, and averring the payment of a consideration by the wife by the conveyance of her separate real estate, denying notice of the indebtedness of her husband to the plaintiff, and denying fraud.

*Held,* that the answer was sufficient on demurrer.

STATUTE OF LIMITATIONS.—*Concealment of Cause of Action.*—*Fraud.*—The

.provision of the statute that, if a person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action, applies to causes of action for fraud, as well as to other causes of action ; but the concealment contemplated by the statute is something more than mere silence ; it must be of an affirmative character, and must be alleged and proved so as to bring the case clearly within the meaning of the statute.

From the Clinton Circuit Court.

*J. N. Sims,* for appellants.

DOWNEY, J.—This was an action by the appellants, Jabez E. Wynne, George H. Christian, Gomer Wynne, Morris Fishel and Edward Fishel, against Jesse D. Cornelison, Martha A. Cornelison and Lewis C. Bonner. It is alleged in the complaint, that on the 1st day of September, 1860, the said Jesse D. Cornelison was indebted to said Jabez E. Wynne, George H. Christian and Gomer Wynne, as partners, in the sum of one hundred and eighty dollars and thirty cents, for which he executed to them his promissory note of that date, at six months; that on the 20th day of June, 1861, they recovered judgment on the note against him, on which an execution had been issued and returned no property found.

It is also alleged, that on the 8th day of June, 1860, said Jesse D. Cornelison was indebted to said Morris Fishel and Edward Fishel, as partners, in the sum of one hundred and sixty-six dollars and twenty-six cents, for which he then executed to them his note at six months; that on the 20th day of September, 1860, said Jesse D. Cornelison was further indebted to them in the sum of three hundred and thirty-five dollars and eight cents, for which he executed to them his note, to run for the same time ; and that on the 6th day of November, 1860, said Jesse D. Cornelison became further indebted to said Fishels, in the sum of forty-nine dollars and sixty cents, by book account; that on the 20th day of June, 1861, they recovered a judgment against him for the amount of said notes and account, on which an execution had been issued and returned no property found.

It is further alleged, that said Jesse D. Cornelison, at the time said debts were contracted, was, and ever since has been, largely indebted to the plaintiffs and other persons, and much embarrassed, so that at the time of the rendition of said judgment he had no visible means held in his own name, not exempt from execution, whereby any part of said judgments could have been made, and that he has ever since that time remained in the same desperate condition, etc.; that in December, 1860, after said indebtedness was contracted, and when he was embarrassed as aforesaid, he being then the owner of certain real estate described in the complaint, in Frankfort, of the value of one thousand eight hundred dollars, to hinder, delay, and defraud his creditors, with his wife, the said Martha A. Cornelison, executed a deed for said property to one Timothy Cornelison, his brother; that said deed was executed without consideration, and in trust for the use of said Jesse D. Cornelison.

It is further stated, that after the rendition of said judgment, in December, 1861, the said Timothy Cornelison conveyed said property to said Martha A. Cornelison, wife of said Jesse D., without consideration, who, with her husband, then occupied the same, and has ever since continued in the occupancy thereof.

It is also averred, that, in 1871, said Jesse D. Cornelison and wife conveyed a part of said real estate to Lewis C. Bonner.

It is alleged, that the said property is now of the aggregate value of three thousand dollars, and that the plaintiffs' judgments are, in justice and equity, liens thereon. Prayer, that the deed from Jesse D. Cornelison and wife to Timothy Cornelison and that from Timothy Cornelison to said Martha A. Cornelison be set aside as fraudulent as to the plaintiffs; that said property be sold on execution, etc.

The defendants answered in six paragraphs. A demurrer to the second was sustained, and to the third was overruled. The fourth and fifth were struck out on motion of the plaintiff. There was a reply in denial of the sixth, and

a second paragraph of reply to the same paragraph of the answer. A demurrer to the second paragraph of the reply was sustained, and thereupon there was final judgment for the defendants.

Errors are assigned as follows:

1. Overruling the demurrer to the third paragraph of the answer.

2. Overruling the demurrer to the sixth paragraph of the answer.

3. Sustaining the demurrer to the second paragraph of the reply.

4. Rendering judgment against the plaintiff on sustaining the demurrer to the second paragraph of the reply.

We are first to examine as to the sufficiency of the third paragraph of the answer. It alleges, in substance, the following facts: That on the 20th day of December, 1860, said Martha A. was the owner in her own right of certain real estate in Clinton county, which is described in the answer, forty-four acres and a quarter; and one Susan Cornelison was the owner of certain other real estate in the same county, a description of which is not given; that it was then and there agreed between said Martha A. and said Jesse D. Cornelison, of the one part, and said Susan Cornelison and Timothy Cornelison, her husband, of the other part, that said Martha A. should convey her separate real estate aforesaid to said Timothy Cornelison, and in consideration thereof said Susan and Timothy should sell and convey the land of said Susan aforesaid, and pay the purchase-money therefor, or cause the same to be paid to the said Jesse D. Cornelison, and that said Timothy should receive the conveyance of the town property of Jesse D. Cornelison, the same as described in the complaint, and hold the same as trustee in trust for the said Martha, and convey the same to her as soon as the said property of said Susan should be sold for the benefit of said Jesse; that the said Timothy did then and there receive the conveyance of said town property in trust as aforesaid, and held the same one year, at the expiration

of which time said Susan and said Timothy sold and conveyed the lands of said Susan, the proceeds whereof were paid to said Jesse D. Cornelison by the purchaser; that, concurrently with said conveyance of the said Susan and said Timothy, said Martha A., her husband joining in the conveyance, conveyed her said separate property to the said Timothy, and the said Timothy and Susan, in pursuance of the previous understanding and agreement between said parties, did convey said town property to the said Martha A. Cornelison; that said Timothy held said town property only as a trustee for said Martha, and for no other purpose; that after said last mentioned conveyance said Timothy was finally discharged from his trust; that said Martha, said Susan and said Timothy were not aware of any indebtedness from said Jesse to said plaintiffs or others; that said transactions were *bona fide* and without any fraudulent intent whatever, or to hinder, delay or defraud said plaintiffs or others; wherefore, etc.

Counsel for appellants insists, in the first place, that the paragraph of answer admits the facts in the complaint, and that the facts detailed are consistent with the complaint. This position is hardly correct. It is true that the paragraph admits the making of the deeds, which, in the complaint, are alleged to be fraudulent; but it alleges a consideration paid by Martha A. Cornelison, by the conveyance of her separate property, and denies notice of the indebtedness of her husband to the plaintiffs, and also denies the fraud charged in the complaint.

It is also urged that Timothy Cornelison, according to the answer, held the property in question, without consideration, in trust for the benefit of Jesse D. Cornelison, for one year from December, 1860. Rather, we think, he held the property in trust for Martha A. Cornelison. Such is the allegation of the answer, and the demurrer admits the truth of the allegation.

Again, it is objected that the executory contract between the two married women was void, and Martha A. Cornelison

never parted with the title to her property till after the plaintiffs' rights as judgment creditors had attached to the property in the hands of Timothy Cornelison; nor does it appear that the real estate of Martha A. was of equal value with that which she acquired.

We think the whole question involved here is whether the transactions were honest or not. We regard the paragraph as good, because it contains, among other things, a denial of the fraud charged. It is true that the answer does not state that the separate property of Martha A. Cornelison was of equal value with that which she received. Neither does it state that it was not of equal value. The evidence would probably have shown, on the trial, the truth as to this, had the case gone to trial. It is probable that this paragraph was unnecessary, and that it might have been rejected, on motion, as amounting only to the general denial; but, as no such motion was made, we need not decide that question. We hold that there was no error in overruling the demurrer to this paragraph.

Next, as to the sixth paragraph of the answer. It is as follows:

"The wrongs and frauds complained of by plaintiffs in their complaint accrued and were committed and consummated, and plaintiffs' cause of action accrued, more than six years before the commencement of this suit."

The statute of limitations requires actions for relief against fraud to be brought within six years. 2 G. & H. 156, sec. 210, cl. 4. The statute begins to run when the fraud is perpetrated. *Musselman* v. *Kent*, 33 Ind. 452. It is provided, however, that, if any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation, after the discovery of the cause of action. 2 G. & H. 162, sec. 219; *Potter* v. *Smith*, 36 Ind. 231. This last provision is as applicable to causes of action for fraud as to causes of action of any other nature. *Pilcher* v. *Flinn*, 30 Ind. 202. We think the answer was good.

We are next to consider the question as to the sufficiency of the second paragraph of the reply, which was held bad on demurrer. It was pleaded to the sixth paragraph of the answer. It alleges, that immediately from and after the conveyance to the said Martha A. Cornelison, of the premises in question, by the said Timothy Cornelison, on the 20th day of December, 1861, as stated in the complaint, the said Jesse D. and Martha A. Cornelison took possession of said property, and have ever since that time occupied the same as a residence, and openly professed and pretended and held out said fraudulent transaction to the world as a *bona fide* transaction between the parties thereto, and falsely and fraudulently professed and represented to the plaintiff and the creditors of the said Jesse D. and the public generally, that the said transaction was valid in law, and that the said Martha A. had, in ignorance of the rights of the plaintiffs and the other creditors of the said Jesse, paid of her own means a full and adequate price for the same, all of which was and is untrue; and the plaintiffs, being ignorant of the false and fraudulent character of said representations and acts, but supposing them to be true, were thereby misled and prevented from making the necessary inquiry and investigation to discover said fraud until a period within six years next before the commencement of this action; and by means of said fraudulent acts of said defendants, and said fraudulent acts mentioned and set forth in the complaint in this action, plaintiffs were unable to discover said fraud until a period within six years next before the commencement of this suit, and they commenced this action within less than six years, and within a reasonable time, after they discovered said fraud.

In *Boyd* v. *Boyd*, 27 Ind. 429, it was held that the concealment contemplated by the statute must be something more than mere silence; that it must be an arrangement or contrivance to prevent subsequent discovery, and must be of an affirmative character, but need not be concocted after the accruing of the cause of action, provided it operates after-

wards as a means of concealment, and was so intended. In other words, it was said, the defendant must not, at any time, do anything to prevent the plaintiff from ascertaining, subsequently to the transaction out of which the right of action arises, the facts upon which that right depends, either by affirmatively hiding the truth, enhancing the natural difficulty of discovering it, or by any device avoiding inquiry which would result in discovery; and if he do thereby escape suit for a time, the statute of limitations will not run during that time.

We are of the opinion that the second paragraph of the reply was not sufficient. The statute of limitations is a statute of repose, and where its operation is sought to be avoided because the right of action was concealed by the party liable to the action, the allegation and proof of the concealment should bring the case clearly within the section. The allegation that the defendants pretended and professed to the world that the transactions were *bona fide* transactions is too general to amount to anything. The representation that the transaction " was valid in law" can hardly be regarded as the representation of a fact, such as a party has a right to rely upon.

It is further stated, that it was represented that said Martha A. had, in ignorance of the rights of the plaintiffs and the other creditors of said Jesse, paid, of her own means, a full and adequate price for the property, etc. This is precisely what she now alleges as her ground of defence against the plaintiffs' action. We cannot think that the mere statement of the party's ground of defence can be regarded as such a concealment of the cause of action as will prevent the running of the statute of limitations.

The fourth assignment of error presents no question, for the reason that there appears to have been no objection or exception to the action of the court. Indeed, we infer that this action of the court was in accordance with the wish of the appellants. The entry shows that the appellants withdrew their general denial in their reply, and, failing to plead

further, judgment, without objection or exception, was rendered against them. They cannot now complain of this action of the court.

The judgment is affirmed, with costs.