No. 8093.

WARE ET AL. *v.* THE STATE, EX REL. LONG ET AL.

STATUTE OF LIMITATIONS. —*Auditor of County.*—*Congressional Township School Fund.* — *Loan to Himself.*—*Bond.* — *Sureties.*—Where the auditor of a county drew a warrant in his own favor for one thousand dollars. as a pretended loan from the congressional township school fund, and received the money, a cause of action at once accrued on his bond, and a suit thereon, commenced more than three years thereafter, is barred by section 211 of the code.

SAME.—*County Commissioners.*—*Concealment.*—The right of action does not depend upon a knowledge of the facts by the county commission-ers, but upon the existence of the facts themselves. If the facts constituted a breach of the bond, the statute commenced to run, not when the breach was discovered, but when it occurred.

SAME.—*Failure to Discover.*—*Silence of Party Liable.*—A failure to discover a cause of action does not, like its concealment, suspend the statute; and the mere silence of the party liable is not enough, but something must be done tending to prevent discovery.

AUDITOR OF COUNTY.—*Not. Trustee of Congressional Township School Fund.*—The auditor of the county is not a trustee of the congressional township school fund.

SAME.—*Void Loan.*—A loan of one thousand dollars, made by the auditor of a county to himself, is void, although all the requirements of the statute have been observed.

From the Howard Circuit Court.

*R. Vaile* and *J. F. Vaile*, for appellants.

*J. O'Brien*, for appellees.

BEST, C.—This suit was instituted by the State, on the

relation of the Board of Commissioners of Howard county,. Indiana, against Isaiah C. Ware as principal, and John M. Leach, David Greeson, Henry Brunk, Jesse Ware and William T. Mannering, sureties, upon the official bond of said Isaiah C. Ware, as auditor of said county. It is averred that said Isaiah C. Ware was duly appointed auditor of Howard county, Indiana, to serve from the 1st day of March, 1875, until the 1st day of March, 1876, and that he, with. his co-appellants as his sureties, on the 6th day of March, 1875, executed his bond and at once entered upon the duties. of said office ; that said Isaiah C. Ware, on the 24th day of January, 1876, as auditor of said county, made to himself a pretended loan of one thousand dollars of the congressional township school fund, executed his mortgage, drew his warrant, and received upon it from the treasurer of said county said sum of money ; that said Isaiah C. Ware violated the conditions of his bond in these particulars, viz. :

1st.  In loaning to himself one thousand dollars of the congressional township school fund.

2d.  In not causing an appraisement of the realty embraced in said mortgage to be made by disinterested freeholders of the neighborhood before making said loan.

3d.  In not procuring from the clerk and recorder of Howard county, Indiana, certificates that there were no liens or encumbrances upon said realty before said mortgage was made.

It was further averred that, after said Ware's term of office expired, his successor instituted a suit upon said mortgage, obtained a foreclosure, sold the property, and realized from the sale enough to pay all costs and to reimburse said fund, except $468.05, for which, with interest thereon, judgment was demanded.

No step was taken against Isaiah C. Ware ; John M. Leach was defaulted ; and the other defendants demurred, for want of facts, to the second and third breaches assigned. These demurrers were sustained, and the appellee excepted. There-

upon the defendants answered, first, in denial, and, second, that the cause of action did not accrue within three years before the commencement of the suit. A demurrer for want of facts was filed and overruled to the second paragraph of the answer, to which the appellee excepted. A reply was filed, first, in denial, and, second, that the cause of action was concealed by said Isaiah C. Ware, until a period within three years before the commencement of the suit.

The issues thus formed were submitted to the court for trial, with a request that the court state the facts and its conclusions of law thereon. This was done. The facts found are, in substance, as follows: On the 6th day of March, 1875, Isaiah C. Ware as principal, and the other defendants as sureties, naming them, executed to the State of Indiana their bond for $2,000, conditioned that said Isaiah C. Ware should faithfully perform the duties of auditor of Howard county, Indiana; that said Isaiah C. Ware was auditor of said county from the 6th day of March, 1875, until the 6th day of March, 1876; that, during this time, said Ware, as auditor, loaned to himself, as an individual, one thousand dollars of the congressional township school fund held by said county; that, to secure said loan, said auditor and his wife executed a mortgage to the State of Indiana for the use of said fund, upon a lot in Kokomo, in said county; that afterward proceedings were instituted to foreclose said mortgage, and, on the 11th day of October, 1878, a judgment for $1,157.05 was obtained; that, on the 3d of November, 1878, there was due upon said judgment $1,266.92, at which time said property, upon said decree, was sold for $800; that said sum was placed to the credit of said fund, and, on December 7th, 1879, the auditor placed to the credit of said fund $466.52, which fully reimbursed it; that said mortgage matured five years after date, was executed on January 24th, and recorded January 31st, 1876; that said auditor was not guilty of any acts of concealment as to the

existence of said mortgage, but the commissioners of said county had no actual knowledge of its existence, until the June term, 1876, at which time they made no order to protect or secure the investment; that this action was commenced on the 30th of January, 1879, and that a warrant was drawn by said Ware, as auditor, upon the treasurer of said county, for the payment of said loan, on the 24th of January, 1876, and that the treasurer of said county paid said order on the same day.

The conclusions of law by the court are as follows:

"1st. That the loan (so-called) by Isaiah C. Ware, whilst acting as auditor of Howard county, to himself, of the school funds, was illegal and void.

"2d. That the action of the board of commissioners, in causing the mortgage (so-called) to be foreclosed and the property sold, was an act for the benefit of the defendants in this case, and the amount received therefrom lessens the liability in this case, and therefore they have no right to complain thereof.

"3d. That the statute of limitations has not barred this case; that the cause of action did not accrue to the plaintiff until the payment was made by her to the school funds of the amount received by said Ware, which was less than three years last passed.

"4th. That the plaintiff is entitled to recover of the defendants in this case the sum of $483.26, without relief from valuation or appraisement laws, and that judgment is rendered therefor.        C. N. POLLARD."

To all and each of these conclusions of law the defendants excepted, and final judgment was rendered against them.

They appeal, and assign as error, among others, that the court erred in its conclusions of law upon the facts found. It is conceded that the appellee was entitled to a judgment upon the facts found, unless the action was barred by the statute of limitations. This depends upon the time when

the cause of action sued upon accrued. Section 211 of the code provides that "The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards: * * * All actions against a sheriff or other public officer, or against such officer and his sureties on a public bond, growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty,—within three years."

The facts found are that the auditor, under pretence of loaning $1,000 of the congressional township school fund, drew his warrant upon the treasurer of the county, and received from him of such fund said sum, on the 24th day of January, 1876, and this suit was commenced on the 30th day of January, 1879, more than three years thereafter.

The above statute applies to this case, and if the cause of action accrued when the warrant was drawn and the money obtained, the action is barred. The misappropriation of the money was complete when it was received, and nothing has since been done, or omitted to be done, by the auditor, that either created or matured a cause of action against him and his sureties upon his bond. All that he did to render them liable was done at that time, and no reason has been suggested, nor do we know of any, why an action could not have been commenced at once against them. If it could have been done, it was because the cause of action had accrued, as no right of action arises until the cause of action accrues. Angell Limitations, p. 37, 6th ed. Nor is this conclusion avoided by the fact that the county commissioners had no personal knowledge of the misappropriation of the money till within three years before the commencement of the suit. The right of action did not depend upon a knowledge of the facts out of which it arose, but upon the existence of the facts themselves. If the facts constituted a breach of the bond, the statute commenced to run, not when it was discovered, but when it occurred. *Wilcox* v.

*Executors of Plummer*, 4 Pet. 172; *The Governor, etc.,* v. *Gordon*, 15 Ala. 72; *Potter* v. *Smith*, 36 Ind. 231.

A failure to discover a cause of action does not, like its concealment, suspend the statute. They are not the same. The former may occur without the fault of the person liable to the action, while the latter can not. Nor is the mere silence of the person liable enough. Something must be done tending to prevent discovery. *Stanley* v. *Stanton*, 36 Ind. 445; *Wynne* v. *Cornelison*, 52 Ind. 312.

This action is for a liability incurred by the auditor in doing an act in his official capacity, and is, therefore, within the terms of the statute.

The appellee, however, insists that the auditor was the trustee of this fund; that when such relation exists the statute does not run till his term of office expires, and as Ware's term of office did not expire till the 6th of March, 1876, this case is not within the statute.

From the premises assumed, the conclusion is a logical one. But is the premise true, that the auditor sustains the relation of trustee to the congressional school fund? No statute is cited, nor do we know of any, making him a trustee of this fund. He has authority to loan it, but is not the custodian of it, and has no control over the money itself. His bond is not executed to secure its keeping nor its actual disbursement at any time during, or at the expiration of, his term. Indeed, he has no authority to receive it, nor is it contemplated that any portion of it shall go into his custody, but, on the contrary, the law provides that the county treasurer shall receive and disburse such fund upon the warrant of the auditor. *Davis* v. *The State, ex rel.,* 44 Ind. 38.

The auditor, having no authority to receive any portion of said fund, can not, upon receiving it, be converted into a trustee so as to make his sureties liable upon his bond. Their undertaking was not that he would pay money, but that he would not wrongfully loan any of said fund. The duty to

loan this fund was imposed upon him ; it was an official act and but for the liability incurred in the discharge of it the sureties would not be liable at all. It was either right or wrong to loan the money ; if right no liability was incurred, if wrong the liability was then incurred. For this alone are they liable.

To treat him as trustee, and make them liable as his sureties, is to waive the wrong, affirm the loan, and make them answerable for his failure to pay the money. This can not be done. If liable, they are liable for him as auditor and not as trustee.

Nor do we think the statute was suspended until the county reimbursed the fund. It did not sustain the relation of surety to the auditor, but practically that of beneficiary of the fund. All the loss it ever sustained was when the money was misappropriated, and the only cause of action it ever possessed then arose. Checking the money from one fund to another conferred no right, and its neglect could not extend the time within which an action could be brought.

For these reasons, we are of opinion that the cause of action accrued when the auditor obtained the money on his warrant, and that the action is barred by the statute.

The appellee has assigned as cross errors, that the court erred in sustaining demurrers to the second and third breaches of the complaint, and in overruling the demurrer to the second paragraph of the answer.

There was no error in either of these rulings. Aside from these breaches, the complaint averred that the bond was broken by the auditor, in making a pretended loan of $1,000 of the congressional township school fund to himself.

In the second breach, it was averred that this loan was made without causing the property taken as security to be appraised ; and, in the third, it was averred that this loan was made without procuring from the clerk and recorder of the county certificates that the property was unencumbered.

The auditor had no authority whatever to make such pretended loan, either with or without a compliance with these requirements ; and, therefore, these averments added nothing to what had already been alleged. The averment that he made such loan to himself could not be made stronger by averring that he had not complied with these requirements of the statute ; as a loan to him would, in such case, be regarded as void, though all these requirements had been observed. The demurrer to the second paragraph of the answer was correctly overruled.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things reversed, and the cause remanded, with instructions to render a judgment upon the facts found for appellants, at the costs of appellee.