No. 1.

## LANDERS v. FISHER.

COUNTY CLERK.—*Money Received by in Payment of Judgment.—Action for.—
Statute of Limitations.*—Where money is received by a clerk in payment
of a judgment, a statement in a receipt therefor to the judgment de-
fendant that the money is to be applied on the judgment, does not
amount to a contract, in writing, to pay the money to the judgment
plaintiffs, and an action against the clerk for the money received is not
thereby taken out of the operation of the statute limiting such actions
to six years.

From the Clinton Circuit Court.

*M. Moores* and *J. N. Sims,* for appellant.

*J. C. Suit* and *J. Coombs,* for appellee.

CRUMPACKER, J.—On the 16th day of October, 1876, the
firm of Hibben, Kennedy & Co. obtained a judgment in the
Clinton Circuit Court against Samuel Frazee, Elijah Sparks
and Jesse Lane, for $290.84 and costs.

Samuel P. Fisher was clerk of the county of Clinton,
and on the 9th day of May, 1877, Jesse Lane paid Fisher,
as such clerk, the sum of $326.98, to apply on such judg-
ment and took his receipt therefor, which was as follows:

"FRANKFORT, IND., May 9th, 1877.

"Received of Jesse Lane the sum of three hundred and
twenty six $\frac{98}{100}$ dollars to be applied on judgment of Hibben,
Kennedy & Co. v. Samuel Frazee et al.

"(Signed)     SAMUEL P. FISHER, Clerk C. C. C."

An execution had been issued upon the judgment, and at
the time of such payment the following receipt was endorsed
on the execution:

"Received of Jesse Lane the sum of three hundred and
twenty-six $\frac{98}{100}$ dollars on this writ, May 9th, 1877.

"(Signed)     SAMUEL P. FISHER, Clerk C. C. C."

The money so received by Fisher on the judgment was
**never paid to the judgment plaintiffs, and in January, 1886,**

Franklin Landers, the surviving partner of Hibben, Kennedy & Co., sued Fisher for the recovery of the money so received, with interest from the time it was paid.

The complaint is in five paragraphs, some of which are based upon the alleged promise contained in the receipts to apply the money received upon the judgment. The paragraphs based upon the receipts recite the history of the transaction, and undertake to enlarge the effect of the receipts by the averment of extraneous facts.

Fisher answered the six years' statute of limitations to the entire complaint, to which answer a demurrer was filed and overruled, and Landers declining to plead in reply, judgment was rendered against him for costs.

The sole question presented to us for decision relates to the adequacy of the answer.

. It is claimed on behalf of the appellant that the receipt first quoted contains an express promise to pay the money received upon the judgment to the original judgment plaintiffs, and, although made to Lane, it enured to their benefit, and an action upon it is not barred by the six years' limitation.

Section 5850, R. S. 1881, first enacted in 1875, authorizes county clerks to receive money in payment of all judgments, dues and demands of record in their respective offices, and in the absence of any express written undertaking, an action against a clerk for money received by him under the authority of this section of the statute will be barred by the six years' statute. Section 293, R. S. 1881; *Carr* v. *State, ex rel.*, 81 Ind. 342.

Where money is paid to a county clerk by authority of law, he holds it, in a sense, as a trustee for those for whom it was paid, and an action will not lie against him for failure to pay money so received to the beneficiary, until a proper demand has been made, and the statute of limitations will not be set in motion until the right of action has accrued.

Unless the demand is made, however, within the period of limitations the right of action will be barred. *High* v. *Board, etc.*, 92 Ind. 580; *Newsom* v. *Board, etc.*, 103 Ind. 526. In the case at bar we understand counsel for appellant to concede that the right of action is barred, unless it is taken out of the operation of the statute by the contractual quality of the receipts declared upon.

A receipt proper is but the written acknowledgment of the person signing it that the money or property mentioned in it was delivered to him, and it is but *prima facie* evidence of that fact, subject to be contradicted, changed or modified by parol. Its probative force is simply that of an admission upon the part of the person signing it, and parol evidence may be given of the payment of money or delivery of property, notwithstanding a receipt showing the fact may have been given at the time. *Krutz* v. *Craig*, 53 Ind. 561; *Pauley* v. *Weisart*, 59 Ind. 241.

A receipt, ordinarily, possesses a less amount of legal force and value than any other written instrument known to jurisprudence. But it may contain agreements to perform some act or acts by one party or the other, and when this is the case such agreements amount to contracts, and should be construed in harmony with the law of contracts in general.

The question for determination in this case is, does the statement in the receipt, " to be applied on judgment of Hibben, Kennedy & Co. *v.* Samuel Frazee *et al.*," amount to a contract in writing to pay the money, and is it enforceable as such by the judgment plaintiffs ?

In the interpretation of writings, the intention of the parties should be the aim, and they should be construed in the light of the surroundings, and with reference to the object sought to be accomplished.

Lane, one of the judgment defendants, paid the money upon the judgment in question, and took the receipt, and, as between him and the appellee, the receipt contained an agreement that the payment should operate in discharge of

the judgment. The money could not have been applied to any other purpose after having been so paid, either with or without the consent of the payer.

The payment of a judgment to the clerk in whose office it is of record is as full and complete a payment and discharge of the judgment as if made to the judgment plaintiff in his own proper person. *Jessup* v. *Carey*, 61 Ind. 584; *Hammann* v. *Mink*, 99 Ind. 279.

The instant money so paid reaches the hands of the clerk it operates in satisfaction of the judgment *pro tanto*, and the right to it becomes immediately vested in the judgment plaintiff.

It is made the duty of the clerk, by law, to pay money over to the beneficiaries on demand, so the provisions in the receipt in the case before us, if intended for the benefit of Hibben, Kennedy & Co., did not modify or add to the existing legal obligation of the clerk to pay them the money. Indeed, the duty of the clerk towards the judgment plaintiffs could not have been modified or controlled by contract without their assent.

It is obvious that Lane paid the money, for which the receipt was taken, to be relieved from the judgment, and as a measure of caution took the receipt so expressly providing. There is no agreement in the receipt, express or implied, to pay the money to Hibben, Kennedy & Co. The only obligatory provision it contains is that to apply the payment in discharge of the judgment, and this end was fully accomplished at the moment the payment was made. The clerk fully and completely performed his duty to the judgment defendants, and this satisfied the obligatory phase of the receipt.

Our conclusion is, that there is no agreement in the receipt enuring to the benefit of the appellant, as surviving partner of Hibben, Kennedy & Co., and no error was committed in overruling a demurrer to the answer.

A number of cases are cited by appellant's counsel hold-

ing that a promise contained in a receipt may be enforced, and is not barred by the six years' limitation, but in every one of these cases the receipt was given by the defendant to the plaintiff, and contained a promise based upon a sufficient consideration to do something for the benefit of the plaintiff which the promisor was under no obligation to do in the absence of an agreement. A wholly different principle obtains in such cases from that which applies in this case, and they can have no controlling force in the settlement of the rights of the parties to this case.

The judgment is affirmed, with costs.

Filed June 12, 1891.