## BOWER *v.* THOMAS ET AL.

[No. 2,867.    Filed June 13, 1899.]

VERDICT.—*Answers to Interrogatories.—Conflict.*—Where the answers to interrogatories are in irreconcilable conflict with the general verdict the former must control.    *p. 508.*

LIMITATION OF ACTIONS.—*Suspension of Statute.—Concealment.—Decedents' Estates.*—Plaintiff brought suit against the heirs of her father's estate for her portion of a certain sum of money alleged to have been secretly divided among them at the death of decedent. The action in point of time was barred by the statute of limitations.    It was found by the jury that defendants did not resort to any act for the purpose of concealing and preventing a discovery of their acts in the distribution of the money, other than remaining silent and refusing to give information in regard thereto.    *Held,* that such conduct did not amount to a concealment within the meaning of section 300 Horner 1897 as would suspend the operation of the statute of limitations.    *pp. 505-512.*

From the Clark Circuit Court.    *Affirmed.*

*Laurent A. Douglass* and *W. V. Rooker,* for appellant.

*Charles P. Ferguson, John D. Ferguson* and *J. K. Marsh,* for appellees.

WILEY, J.—Appellant was plaintiff, and, in her complaint alleged that on February 14, 1888, one Allen Taylor departed this life in Clark county, Indiana, the owner of an estate both real and personal; that he left surviving him his widow and ten children (naming them); that at the time of his death the said widow was of sound mind, but is now of

unsound mind 'and under guardianship; that a part of the assets of said estate was $3,314.25 in money, which was at the time of his death in his possession; that within four days after his death the appellees and one John Taylor, contriving and intending to cheat and swindle appellant, and to deprive her of her interest in said money as one of the heirs of said decedent (she being his daughter), and concealing from her that said money was in the possession of or belonging to said estate, met clandestinely, and corruptly and surreptitiously divided and apportioned the said sum equally among themselves, allowing to each of the sons and daughters named in the complaint the sum of $368.25; that said secret and fraudulent division of said money was made for the sole purpose of depriving appellant of her rightful interest and share therein, and the fact that the same had been done was kept a secret from her until after the discharge of the administrator of said estate; that the said estate was solvent; that all the debts of said estate were fully paid by the administrator, and the residue distributed between the heirs; that said estate was finally settled September 20, 1892; that neither appellant nor the administrator knew that said sum of $3,314.25 had ever belonged to said estate and should have been accounted for, until the estate had been fully and finally settled. Wherefore she says she has been damaged, etc.

The appellees answered by a general denial and the six years statute of limitation. To the paragraph of answer setting up the statute of limitations appellant replied in general denial. The case was tried by a jury, resulting in a general verdict for appellant, and with the general verdict the jury returned answers to certain interrogatories submitted to them. Such proceedings were had as that judgment was rendered for appellees on the answers to the interrogatories, notwithstanding the general verdict. Appellant's motion for a new trial was overruled, and she has assigned errors: (1) That the court erred in rendering judgment for the appellees

Bower *v.* Thomas.

on the answers to interrogatories; (2) that the court erred in sustaining appellees' motion for judgment, and (3) that the court erred in overruling appellant's motion for a new trial. No attempt has been made to bring the evidence into the record, and the only question discussed is the action of the court in rendering judgment for appellees on the answers to the interrogatories.

There were only seven interrogatories submitted to the jury, and the facts established by the answers thereto are as follows: That one Poindexter was the administrator of the etsate of Allen Taylor; that he fully settled said estate, and was finally discharged October 22, 1890; that appellant commenced this action November 14, 1896; that, prior to the discharge of the administrator, appellant did not have sufficient information of the wrongful acts of appellees charged in the complaint upon which to base an action; that appellees did not resort to any act for the purpose of concealing and preventing a discovery of the acts of appellees in the distribution of the money charged in the complaint, other "than remaining silent and refusing to give information in regard thereto;" that, prior to the discharge of the administrator, appellant did not have sufficient information that the money referred to in the complaint had been divided between appellees upon which to base an action; that, about a month after the death of Allen Taylor, appellant told said administrator that she understood there had been a division of some of the money of said estate between his other children, and requested him to investigate the matter.

There are but two questions for decision: (1) Was appellant's claim barred by the statute of limitations? (2) Do the facts specially found show that there was such a concealment within the meaning of the statute as would suspend the operation of the statute? Appellant, by relying upon concealment of her rights by appellees acts, concedes that her claim was barred in point of time, but that the operation of the statute was suspended by reason of such concealment. The

acts of concealment relied upon by her are fully stated in her complaint, for in her reply to the plea of the statute of limitations she pleaded only the general denial. The sufficiency of the complaint was not tested by demurrer, nor is it questioned here. By the general verdict the jury found every fact essential to appellant's recovery, and we must indulge every presumption in favor of the general verdict, and it must stand unless the answers to the interrogatories are so inconsistent and antagonistic to it that they are in irreconcilable conflict with it. In such event, the answers to the interrogatories must control.

Section 300 Horner 1897, is as follows: "If any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation, after the discovery of the cause of action." This section of the statute has many times been construed, and as to what will constitute concealment within the meaning of the statute has been well defined. The "concealment" here meant must be more than silence; it must be some affirmative act, and such act must be alleged and proved. *Wynne* v. *Cornelison*, 52 Ind. 312; *Jackson* v. *Buchanan*, 59 Ind. 390; *Stanley* v. *Stanton*, 36 Ind. 445; *Ware* v. *State, ex rel.*, 74 Ind. 181; *Stone* v. *Brown*, 116 Ind. 78; *Miller* v. *Powers*, 119 Ind. 79, 4 L. R. A. 483. In the case last cited, after referring to clause four of section 292 R. S. 1881, which limits actions for relief against fraud to six years, and to section 300, *supra*, the court said: "The foregoing statute has been construed by this court as having reference to something of an affirmative character; something said or done, which has the effect to prevent a discovery of the right of action by the person entitled to the same. Mere silence by the person liable to the action is not a concealment within the meaning of the statute," citing many authorities. In the well considered case of *Jackson* v. *Jackson*, 149 Ind. 238, the law is clearly stated by Jordan, J. In that case, appellant brought his

action against appellee for relief against alleged fraud growing out of the sale by the former to the latter of some bank stock. The appellee pleaded the six years statute of limitations. Appellant replied setting up concealment. The reply averred that, when appellant sold the bank stock, appellee was a stockholder and cashier of the bank, had full knowledge of all the facts sought by appellant tending to give the value of the stock, and knew of its worth; that appellant did not know of such facts, but relied upon appellee; that the appellee informed him that the bank's surplus fund had been greatly impaired by bad loans; that the amount of bad debts had reduced the value of the stock to a sum less than its apparent face value; that appellee told appellant that his stock was not worth $10,000, but that he would give him that amount for it, and that he sold the same to him; that during said negotiations, appellee requested appellant to say nothing about his stock being for sale; that at the time of the transfer of said stock, the question arose as to who should have the undivided profits, and that appellee said, "We will split the difference if you will accept the amount and say nothing to anyone, but just keep the whole affair to ourselves;" that said statements were made with cunning and corrupt design to deceive and mislead appellant, to make him rest secure and satisfied, and to prevent him from making inquiries then or afterwards as to the value of his stock; that all of said representations were false and fraudulent, as appellee well knew; that appellant relied thereon, and so relying, and believing he would receive full value for said stock, he left the State of Indiana, and remained out of it until August, 1895. It is further averred that he did not learn the facts concerning the value of said stock, nor the extent and purpose of such false representations, until a short time before commencing his action; that the stock when sold was worth $14,000. That upon hearing such facts, while he was still without the State, he wrote to appellee for information as to the truth of what he had heard,

and as to the value of the stock when sold, and that with fraudulent design of further deceiving appellant, and to conceal further his fraudulent transaction, appellee wholly failed, neglected and refused to answer such letter, and continually thereafter concealed all facts about the value of the stock and about the fraudulent dealing with appellant, "and all facts that might lead to their discovery, by neglecting and refusing to answer plaintiff's letter and later letters written to him by appellant." In passing upon this answer, the court said: "It is claimed by counsel for appellant that these facts set up in the reply are sufficient to show that appellee so concealed the cause of action as to check the running of the statute until after the discovery of the action, within the meaning of section 300 R. S. 1881, section 301 Burns 1894, section 300 Horner 1897, which provides: 'If any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation, after the discovery of the cause of action.' The statute of limitation, is recognized as one of repose, and it has been frequently held by this court, in placing an interpretation upon the above section, that, in order to bring a case within the concealment intended by its provisions, there must be something more alleged and proved than the mere silence or general declarations upon the part of the person said to have concealed the cause of action. There must have been some trick or artifice to prevent a discovery, or some material fact misstated to, or concealed from, the party by the means of some positive or affirmative act or declaration when inquiry was being made or information sought, and under such facts the operation of the statute is suspended, and does not begin to run until after the discovery of the cause of action, or, as the authorities assert, from the time the discovery by the exercise of ordinary diligence might have been made. A failure to discover the cause of action does not, like its concealment, suspend the running of the statute. The conceal-

ment within the meaning of the statute cited, arises out of fraud, and there can be no concealment without fraud; and while the fraud in a particular case may be sufficient to give to the complaining party a right of action, still it may not, in the same case, be also sufficient to serve to conceal the cause of action within the contemplation of the law."

Many authorities might be cited on the general rule governing in such cases, but there is no necessity for it. By the rule so firmly settled by the courts we must determine whether, upon the facts specially found, the general verdict must stand, or the answers to interrogatories control. Let us bear in mind that appellant's cause of action was barred by the statute of limitations, as shown by the averments of her complaint, and, if she can recover, it must be by virtue of section 301, *supra*, and the facts averred, by which she seeks to bring herself within the provisions of such section. If the question before us depended for its decision upon the averments of her complaint, we would have but little difficulty in deciding it, for it seems plain to us, under the authorities, that she has failed to plead facts within the meaning of the statute, and has wholly failed to show diligence in discovering her right of action, and this she must do. *Stone* v. *Brown*, 116 Ind. 78; *Jackson* v. *Jackson*, 149 Ind. 238. But, passing these questions by, we turn to the answers to the interrogatories as the only guide to a correct solution of the question. By these answers it clearly appears that the cause of action was barred. It is further shown that she had some knowledge of the acts complained of within a month after the death of her father, and long before the estate was settled and the administrator discharged; but, as to such facts, the jury find that she did not have sufficient information upon which to base an action. The finding as to whether the facts at her command were sufficient upon which to base an action, must be regarded as a mere conclusion. But interrogatory five, and the answer thereto, are of controlling importance. They are as follows: "(5) To what acts did

the defendants resort, if any, for the purpose of concealing and preventing a discovery by plaintiff of the acts of defendants in the distribution of money as alleged in the complaint, other than remaining silent, and refusing to give information in regard thereto?" Answer. "None other." It will be observed by a reference to the complaint the material averments of which appear in this opinion, that there is not an affirmative act of concealment charged. The only acts of concealment are that the appellees concealed from appellant the fact that the money was in the possession of or belonged to said estate, and "the fact that the same [the distribution of the money] had been done, was kept a secret from her until after the discharge of the administrator, etc." The facts that appellees remained silent, and refused to give information to appellant in regard to the distribution of the money, does not, as we have shown by the authorities, constitute concealment. Silence under such circumstances is a mere passive act, and refusal to give information upon inquiry is a mere negative act. As no affirmative act is averred, and none shown, there was no concealment that would suspend the operation of the statute. The jury found that there were no other acts of concealment, except those named in interrogatory five. Our conclusion is, therefore, that the answers to interrogatories are in irreconcilable conflict with the general verdict, and the court properly rendered judgment for appellees. Judgment affirmed.