## State, ex rel. Graham, *v.* Walters, Administrator, et al.

[No. 4,250. Filed February 3, 1903. Rehearing denied April 2, 1903. Transfer denied. April 29, 1903.]

Mortgages.—*Error in Recording.—Action Against Recorder.—Limitation of Actions.*—In recording a mortgage, the recorder negligently failed to copy correctly the description of the land, so that the mortgage was not notice, and was liable to be defeated in favor of any subsequent purchaser, lessee, or mortgagee in good faith and for a valuable consideration. More than six years thereafter, another mortgage was executed, and properly recorded, without notice on the part of the mortgagee of the prior mortgage. Neither the first mortgagee nor the recorder knew of the error in recording until after the execution of the second mortgage. *Held,,* in an action against the recorder, that the statute of limitations began to run at the time the erroneous record was made, and that the action was barred by §294 Burns 1901. *pp. 78–82.*

Same.—*Error in Recording.—Limitation of Actions.—Discovery of Cause of Action.—Suspension of Statute.*—A county recorder in recording a mortgage failed to copy correctly the description of the land, and the mortgage was thereby rendered invalid against a subsequent mortgagee. Neither the first mortgagee nor the recorder knew of the error in recording until after the execution of the second

State, *ex rel.*, *v.* Walters.

mortgage. *Held*, that there was no concealment within the meaning of §301 Burns 1901, so as to suspend the operation of the statute of limitations. *p. 82.*

From Cass Circuit Court; *D. H. Chase*, Judge.

Action by the State on the relation of Catherine Graham against George W. Walters, administrator of the estate of Henry Hubler, deceased, and others. From a judgment for defendants, relatrix appeals. *Affirmed.*

*J. W. McGreevy* and *G. E. Ross*, for appellant.
*J. C. Nelson*, *Q. A. Myers* and *D. D. Fickle*, for appellees.

BLACK, P. J.—This was an action commenced February 10, 1900, on the official bond of Henry Hubler, recorder of Cass county. The proceeding was commenced as a claim against the estate of the principal, deceased, and in the circuit court the sureties were brought in as additional defendants. December 7, 1889, one William Murphy executed his mortgage on certain land in that county to the relatrix to secure the payment of his promissory note for $683.02, payable to her two years from that date. On the same day she presented the mortgage to the intestate, then county recorder, for recording; paying him the recorder's fee therefor. In recording the mortgage, the recorder negligently failed to copy correctly the description of the land, so that instead of a certain part of the northwest quarter of a specified section, as described in the mortgage, the record of the mortgage described a like part of the northeast quarter of the same section. He returned the mortgage to the relatrix, having indorsed thereon the time of the receipt of the mortgage for record, and the words: "Recorded in record 14, page 240," signed by him as recorder of that county. When the recorder delivered the mortgage to the person who called for it, a month or two after it was left for record, in answer to the question of that messenger as to whether it would be necessary to compare the mortgage and the record said: "No; that is all

right." The land so mortgaged to the relatrix was again, March 2, 1896, mortgaged by Murphy to secure the payment of a note for $1,500 to the Mortgage & Trust Company of Pennsylvania, by which this mortgage was taken without notice of the former mortgage. The second mortgage was duly recorded. In 1897 the relatrix brought suit against Murphy and said company to foreclose the first mortgage, and in that suit it was by the court decreed that the second mortgage was a prior and senior lien· on the land mortgaged to the relatrix, and thereby she lost her security for her note. She caused execution to issue against Murphy, but was unable to realize anything, for the reason that he was insolvent, and had no property out of which the debt could be collected. Neither the relatrix nor the recorder knew of the error in recording until after the execution of the second mortgage. Henry Hubler, the recorder, died in 1898.

The controlling question is whether or not the action was barred by the statute of limitations, and the determination of this matter depends upon the solution of the question as to when the cause of action accrued on the recorder's official bond for the breach alleged; that is, when could the recorder first have· been sued for the official error charged? Our statute (§294 Burns 1901) provides: "All actions against a sheriff, or other public officer, or against such officer and his sureties on a public bond, growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty," shall be commenced within five years after the cause of action has accrued, and not afterward. It was the statutory duty of the county recorder to record the mortgage for the relatrix in its order; and if not recorded in forty-five days from the execution thereof, the mortgage was liable to be defeated in favor of any subsequent purchaser, lessee, or mortgagee in good faith and for a valuable consideration.

State, *ex rel.*, *v.* Walters.

§§3350, 8007 Burns 1901; *United States Sav., etc., Co.* v. *Harris,* 142 Ind. 226, 237.

The misdescription of the land in the record of the mortgage rendered the recording worthless from the first. The debtor continued personally liable, and this liability became of no avail to the relatrix,—not through the error of the recorder, but by reason of the debtor's insolvency. The security of the land continued available, notwithstanding the fault in the recording, until the execution of the second mortgage, which, because of the recorder's mistake, was a superior lien, and finally exhausted the security. The damage consisting of the loss of the security was a direct result of the incorrect copying of the description of the mortgaged land in recording the mortgage. If that damage had accrued and action therefor had been commenced within the period of the statute after the recording of the mortgage, there can be no doubt that damages for the loss thereby sustained might have been recovered.

The right of the relatrix to have the recording of her mortgage done correctly, so that the record would constitute constructive notice of all her rights as mortgagee, was as absolute as the right to have the mortgage recorded. As between her and the recorder, she was under no obligation to inspect the record of her mortgage to see that it was safely correct. By presenting a mortgage in due form, proper for recording, and paying the recorder's fee, she did all that was incumbent upon her to impose the duty upon the recorder. When the mortgage was recorded so incorrectly that the record was worthless as notice, there was at once a violation of official duty on the part of the recorder, and the relatrix was at once thereby deprived of a material and valuable right. She then had a cause of action against the recorder. If she had discovered the error before any subsequent conveyance or encumbrance, and the original mortgage were then still in existence and in her possession, she might have had it recorded again, at the

expense of the fee therefor, or, if in such case the original mortgage were lost, she perhaps might have procured a correction of the record; but in the meantime (at least, after the expiration of forty-five days from the execution of her mortgage) she would have been in the condition of a mortgagee whose mortgage, not being recorded, is liable to be cut off by intervening circumstances beyond her control. It might be difficult, in an action against the recorder, brought before the accruing of any rights of others in the land, to say what considerations, other than the loss of the fee for recording, should enter into the assessment of the amount of the damages; but it must, we think, be said that a right having been violated, and she having suffered an individual wrong, some damage must be presumed, whether susceptible of proof or not. See Cooley, Torts (2d ed.), *383.

It can not be doubted, it would seem, that a cause of action involving the essential elements of an actionable tort arose in favor of the relatrix against the recorder immediately upon the commission of the wrong of recording her mortgage incorrectly; the amount of the damage being determinable by a jury, under instructions. Such an action would not be like an action for a continuing nuisance, for which damages may be recovered from time to time as they have accrued; but it would be one in which all damages, past and future, so far as ascertainable would be recoverable.

The case before us is not governed by the principles of those wherein some act has been done, which, not being wrongful at the time, or not being wrongful then as to the plaintiff, furnishes an element of an action only after specific damage has resulted therefrom, and the right of action does not accrue until the special damage complained of has accrued. There, the damage being the gist of the action, the time runs only from

the actual happening of the damage. Here, however, there was both wrong and injury as soon as the error had been committed. The mistake in the recording was not, as to the mortgagee, something which might rightfully be done, and which could not be regarded as a thing amiss until some damage should actually accrue therefrom; but it was in itself a thing amiss. Where damage has so accrued, further consequential damage will not give rise to a fresh cause of action. We are constrained to hold with the court below that the statute of limitations barred the action.

There has been some discussion by counsel of the law relating to the concealment of the fact of liability to an action by one party, and the discovery of the cause of action by the other (§301 Burns 1901); but the case at bar affords no occasion for the postponement of the running of the statute of limitations on the ground of concealment. The fact that a person entitled to an action has no knowledge of his right to sue, or of the facts out of which his right arises, does not prevent the running of the statute, or postpone the commencement of the period of limitation, until he discovers the facts or learns of his rights thereunder. Nor does the mere silence of the person liable to the action prevent the running of the statute. To have such effect, there must be something done to prevent discovery,—something which can be said to amount to concealment. *Ware* v. *State, ex rel.,* 74 Ind. 181; *Schultz* v. *Board, etc.,* 95 Ind. 323; *Pence* v. *Young,* 22 Ind. App. 427; *Bower* v. *Thomas,* 22 Ind. App. 505.

To constitute the concealment which will postpone the operation of the statute of limitations, there must be more than mere silence or general declarations; there must be fraud in act or statement, intended to prevent knowledge of the existence of the cause of action, and operating to prevent discovery. *Jackson* v. *Jackson,* 149 Ind. 238.

Judgment affirmed.