## BOARD OF COMMISSIONERS OF THE COUNTY OF MONROE *v.* HALL

[No. 7,757. Filed November 27, 1912.]

1. APPEAL.—*Briefs.—Statement of Record.*—The court on appeal will be governed by the statement of the record set out in appellant's brief. p. 476.
2. LIMITATION OF ACTIONS.—*Actions Against Public Officers.—Circuit Clerk.*—Under §295 Burns 1908, §293 R. S. 1881, providing that all actions against a public officer, or against such officer and his sureties on a public bond, growing out of a liability incurred by doing an act in an official capacity or by the omission of an official duty, shall be brought within five years after the cause of action has accrued, except actions against the officer or his legal representatives, for money collected in an official capacity and not paid over, which may be brought at any time within six years, an action brought against a former clerk of the circuit court individually, for money collected in his official capacity, must be commenced within six years after it accrued. p. 478.
3. APPEAL.—*Action Against Public Official.—Review.—Judgment. —Affirmance.*—Where plaintiff appealed from a judgment in its favor in an action against a public official to recover fees collected in his official capacity, but made no claim that the judgment did not cover all the fees collected by defendant within the six years before the beginning of the action, the judgment will not be reversed for failure to include items collected prior to such six year period, in the absence of facts showing that the cause of action as to such items was removed from the operation of the statute. p. 478.

4. LIMITATION OF ACTIONS.—*Concealment of Cause of Action.—Acts Constituting Concealment.*—Under §302 Burns 1908, §300 R. S. 1881, providing that if any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action, the concealment contemplated must be more than mere silence, and must be of a character to prevent the discovery of the cause of action after it has arisen. p. 479.

5. LIMITATION OF ACTIONS.—*Avoiding Statute of Limitations.—Complaint.—Allegations.—Proof.—Concealment of Cause of Action.*—To avoid the statute of limitations on the ground that there has been a concealment of the cause of action, the plaintiff should allege and prove the facts constituting such concealment. p. 479.

6. APPEAL.—*Burden of Showing Error.*—The burden is on appellant affirmatively to show harmful error, and the court will not search the record to reverse a judgment. p. 480.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by the Board of Commissioners of the County of Monroe against Edward F. Hall. From a judgment for plaintiff, the plaintiff appeals. *Affirmed.*

*R. L. Morgan,* for appellant.

*Miers & Corr,* for appellee.

MYERS, J.—This was an action by appellant against appellee to collect certain fees alleged to have been collected and converted by the latter to his own use while clerk of the Monroe Circuit Court.

The issues joined were submitted to the court for trial, and upon request of appellant the court made a special finding of facts and stated its conclusions of law thereon. In substance, the conclusions of law are that all items of indebtedness found to be due appellant from appellee except $35.15 were barred by the statute of limitations. Appellant's motion for a new trial was overruled and judgment rendered in accordance with the conclusions of law. Several errors are assigned, but the only questions sought to be presented for our consideration are those which arise on the fifth and eighth paragraphs of an-

swer, which, in substance, aver that as to all items of fees mentioned in the complaint of date prior to December 1, 1902, no cause of action accrued thereon within six years prior to the commencement of this action. No other pleadings or the substance thereof are set out in appellant's brief, other than the recital that a reply in three paragraphs was filed: (1) a general denial; (2) affirmative acts of concealment without attempting to give the substance of the acts relied on; (3) payment. The substance of the special finding of facts is also included in the brief. With this statement of the record appellant is content, and by it we are governed.

In substance, the special findings show that appellee on November 19, 1898, became the clerk of the Monroe Circuit Court, and continued as the duly-authorized clerk of that court until December 31, 1902; that as such clerk, appellee charged, taxed and collected and failed to report and pay into the county treasury certain fees; that he failed and neglected to charge, tax and collect certain fees for official services, and on account of such official neglect the county lost these amounts; that this action was commenced December 23, 1908, and after appellant had made a written demand on appellee to pay into the county treasury the fees claimed to be due it; that certain named fees, charged and collected by appellee during his said term of office, were entered in a small book, on the back of which was the word "Ledger," and that no other record was kept by him of his official services in relation to such fees; that the fees allowed him during his term of office on account of insanity inquests, and paid out of the county treasury, were not recorded in a cashbook kept in his office, and were not entered on any other book kept therein, nor were the fees allowed and received by him as such clerk on order of the Monroe Circuit Court and by the board of county commissioners ever entered in a cashbook, or any other book kept in his office open to inspection by the public,

in which fees or allowances were recorded, except "during a part of the terms of court of which he was clerk;" that all the fees taxed and collected and not entered of record in any book for that purpose kept in said office, and the fees which he failed to report and to pay into the county treasury, and the fees he neglected and failed to collect, were all for things done and neglected to be done with reference thereto prior to December 1, 1902.

Section 295 Burns 1908, §293 R. S. 1881, provides: "The following actions shall be commenced within the periods herein prescribed, after the cause of action has accrued, and not afterward: * * * Second. All actions against a sheriff, or other public officer, or against such officer and his sureties on a public bond, growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty, within five years; but an action may be brought against the officer or his legal representatives, for money collected in an official capacity, and not paid over at any time within six years."

This was not an action against appellee and his sureties, but against him individually for moneys collected in his official capacity, and such action must be commenced within six years after it accrued. *Ware* v. *State, ex rel.* (1881), 74 Ind. 181; *Hawthorn* v. *State, ex rel.* (1877), 57 Ind. 286; *State, ex rel.,* v. *Walters* (1903), 31 Ind. App. 77, 66 N. E. 182, 99 Am. St. 244; *Landers* v. *Fisher* (1891), 2 Ind. App. 64, 28 N. E. 204; *Newsom* v. *Board, etc.* (1885), 103 Ind. 526, 3 N. E. 163.

No claim is made that the judgment in this case does not cover all the fees collected by appellee within the six years next before the beginning of this action. Hence, without any facts from which it can be said that the cause of action was removed from the operation of the statute, no error is presented for which the judgment must be reversed. *Christian* v. *State, ex rel.* (1893), 7 Ind. App. 417, 34 N. E. 825.

To meet the contingency of concealment of a cause of action so that the statute may not run, the General Assembly of this State enacted the following statute: "If any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action." §302 Burns 1908, §300 R. S. 1881.

This statute has been construed and many times referred to by the Supreme Court and this court, and with unanimity it has been held that the concealment contemplated must be something more than mere silence. It must be of a character "designed to operate after the cause of action shall arise, to prevent its discovery" (*Whitesell* v. *Strickler* [1907], 167 Ind. 602, 78 N. E. 845, 119 Am. St. 524), and must be alleged and proved so as to bring the case clearly within the meaning of the statute. *Wynne* v. *Cornelison* (1876), 52 Ind. 312; *Christian* v. *State, ex rel., supra; Bower* v. *Thomas* (1899), 22 Ind. App. 505, 54 N. E. 142.

In the case of *Jackson* v. *Jackson* (1898), 149 Ind. 238, 243, 47 N. E. 963, it is said: "The concealment within the meaning of the statute cited, arises out of fraud, and there can be no concealment without fraud; and while the fraud in a particular case may be sufficient to give to the complaining party a right of action, still it may not, in the same case, be also sufficient to serve to conceal the cause of action within the contemplation of the law." See, also, cases cited.

Appellant has not pointed out any pleading in this case wherein facts are alleged showing that its cause of action is not within the statute of limitations, nor has the court found as an ultimate fact that appellee concealed the cause of action from the knowledge of appellant, nor do the findings show such affirmative acts on the part of appellee as to warrant the necessary inference of concealment within

the rule stated in the case of *Jackson* v. *Jackson, supra.*
The rule is elementary, that courts will not search
6.    the record to reverse a judgment. The burden is
on appellant affirmatively to show harmful error, and
this it has failed to do in this case.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 1009. See, also, under (2) 25 Cyc.
1053; (3) 3 Cyc. 418; (4) 25 Cyc. 1218; (5) 25 Cyc. 1418.